Juanita B. **MULKERN**, Individually and as the widow and successor in interest of G. C. (Tom) Mulkern, Appellant,

v.

Harold C. **HAMMITT**, etc., et al., Appellee.

No. 18694.

United States Court of Appeals Ninth Circuit.

Jan. 22, 1964.

Rehearing Denied April 3, 1964.

McCarty & Wheatley, Charles F. Wheatley, Jr., and Robert L. McCarty,

Washington, D. C., and A. Loring Prime-aux, Las Vegas, Nev., for appellant.

Ramsey Clark, Asst. Atty. Gen., Roger P. Marquis, and Edmund B. Clark, Attorneys, Department of Justice, Washington, D. C., John W. Bonner, U. S. Atty., and Melvin D. Close, Jr., Asst. U. S. Atty., Las Vegas, Nev., for appellee.

Before CHAMBERS, Circuit Judge, MADDEN, Judge of the Court of Claims, and JERTBERG, Circuit Judge.

MADDEN, Judge.

This suit was filed by G. C. Mulkern, to whose interest the appellant Juanita Mulkern has succeeded, to enjoin the appellee, Hammitt, who is the Manager of the Nevada Land Office, Bureau of Land Management of the United States Department of the Interior, from cancelling the appellant's placer mining claims for gypsum and sand on public lands of the United States in Nevada. The United States District Court denied the injunction, and this appeal was brought.

The claims which are the subject of this suit were located by the appellant's predecessor in title on December 23, 1922, at which time the land here in question was open for such a location. The claims were not exploited by any commercial mining of the gypsum or sand, by G. C. Mulkern's predecessor, from 1922 to 1941 when G. C. Mulkern became the owner of the claims, nor did G. C. Mulkern thereafter exploit the claims. In 1944 the United States filed proceedings the purpose of which was to nullify the claims. This proceeding was, for reasons not here relevant, delayed, and the hearing which resulted in the departmental decision here in question was not held until 1957. The question at issue in the hearing was whether a valid discovery had been made between 1922 and 1926 or during 1928 and 1929. The significance of those years is that the United States, by a series of withdrawals after the year 1926 had incorporated the land in the area into the Boulder Canyon National Wildlife Reserve and thus removed it from future location of mineral claims upon it.

The "location" of a mineral claim upon the public lands of the United States is, in effect, a unilateral act by the locator. It indicates that, in his opinion, there are minerals upon the land which are susceptible of profitable exploitation. That opinion may, of course, be, upon examination by less optimistic persons, regarded as ill-founded. If it is, the Government must have the right to clear the title and the right to the possession of its land from a useless and annoying incumbrance. The proceeding here under review was instituted by the Government because, it contended, the land in question did not contain minerals susceptible to profitable exploitation.

The parties are in substantial agreement that the proper test to be applied in determining whether a location of a mining claim is valid is the test stated by the Department of the Interior in 1894, in the case of Castle v. Womble, 19 Land Decisions 455, 457. The language there used is:

"* * * where minerals have been found and the evidence is of such a character that a person of ordinary prudence would be justified in the further expenditure of his labor and means with a reasonable prospect of success in developing a valuable mine, the requirements of the statute have been met."

Perhaps the basic difference between the parties in this case relates to the time as of which the Castle v. Womble test should be applied. In the departmental hearing in the instant case in 1957, the only witness for the Government, an expert witness, did not give any very important testimony about the situation existing in 1922 and the years immediately following that year. His testimony was that in the period including the year 1957, when he testified, the nature of the minerals, the cost of extracting and transporting them, the extent of the market and its distance from the land, were such that "a prudent man would not be warranted in expending his time and money on the claims."

■■ The appellant contends, in effect, that this expert's testimony was irrelevant; that conditions in the 1957 period had no bearing on the issue; that the only question was whether, in 1922 and the years immediately thereafter, the situation satisfied the Castle v. Womble test. The appellant's contention is erroneous. This court, in the recent case of Adams v. United States, 9 Cir., 318 F. 2d 861, dealt with this very question, and held that even though the mining claim there in litigation would, at one time, have satisfied the test, nevertheless the Government rightfully denied a patent to the claimant since, because of changed economic conditions, the claim did not presently satisfy the test. The fact that in Adams the attack was upon the Government's refusal to issue a patent, while in the instant case the Government was seeking to nullify the appellant's claim as to which he had never requested or received a patent, does not distinguish the Adams case from the instant one. The problem in both cases is whether the public lands of the United States should be perpetually incumbered and occupied by a private occupant just because, at one time, he had there a valuable mine which has now been completely worked out; or because he had on his location a mineral which, in the then practice of the building industry, had a market, but which, on account of a change in building practice, no longer has a market or a reasonable prospect of a future market; or because, at the time of his discovery, transportation facilities were available which made exploitation feasible, which facilities are no longer available.

■ The appellant urges that she is entitled to hold the claims in question because there are mineral waters upon the land. G. C. Mulkern testified in the administrative hearing that he never tried to do anything with the mineral water. The Acting Director of the Bureau of Land Management, in his decision affirming the decision of the Hearing Examiner, agreed with the Hearing Examiner that mineral water is not locatable under the mining laws. In the appeal from the Acting Director's decision to the Secretary of the Interior, the part of the decision relating to the mineral water was not included in the appeal. The Secretary's decision noted that fact, and did not consider the question. Because of the failure of the appellant's predecessor, G. C. Mulkern, to exhaust his administrative remedy, we do not consider or decide the question concerning the mineral waters. The administrative decision was, therefore, properly allowed to stand undisturbed by the District Court.

The decision of the District Court, in its entirety, is affirmed.