Leonard F. **NELSON**, Plaintiff,

v.

Rogers C. B. **MORTON**, the Secretary of the Interior of the United States, et al., Defendants.

Civ. No. A–3–73.

United States District Court, D. Alaska.

Dec. 21, 1973.

Eugene F. Wiles, Delaney, Wiles, Moore Hayes & Reitman, Anchorage, Alaska, for plaintiff.

G. Kent Edwards, U. S. Atty., Anchorage, Alaska, for defendants.

## MEMORANDUM AND ORDERS

VON DER HEYDT, Chief Judge.

This matter comes before the Court upon cross-motions for summary judgment seeking judicial review of a final administrative decision of the Interior Board of Land Appeals.

The Court has jurisdiction under 28 U.S.C. § 1361 and the Administrative Procedure Act, 5 U.S.C. § 701 et seq.

In February, 1963, Leonard F. Nelson, plaintiff, filed with the Bureau of Land Management a notice of location of settlement of a certain tract of land located near Anchorage, Alaska, in conformity with the homestead laws of the United States. 43 U.S.C. § 161 et seq. Mr. Nelson filed final proof of entry on November 25, 1966.

On January 3, 1968, the manager of the Bureau of Land Management filed a contest complaint alleging that plaintiff had not met the requirements to qualify for issuance of a patent. The contest complaint charged that plaintiff had not satisfied the cultivation and residency requirements. Also alleged in paragraph e of the contest complaint was the following:

> . . . At the time of submitting his final proof on November 25, 1966, Contestee failed to have a habitable house upon his homestead claim, and other improvements thereon of such a character and amount as to be sufficient to show the good faith required by section 2211.2–1, Title 43, Code of Federal Regulations.

43 C.F.R. § 2211.2–1, as it existed on the date of filing final proof, stated that:

> The homestead entry man must have a habitable house upon the land entered at the time of submitting proof. Other improvements should be of such character and amount as are sufficient to show good faith.

An evidentiary hearing was held at Anchorage, Alaska, in September, 1969. The hearing examiner dismissed the contest complaint in a decision dated September 3, 1970, on the basis that plaintiff had satisfied the residency and cultivation requirements of the homestead laws. The scope of the decision as to residency requirements was limited to the questions of whether plaintiff had erected a habitable house on the homestead, and whether the Nelson family had actually resided on the homestead for the requisite period of time. The hearing examiner did not base his decision on the issue of whether there was a habitable house on the homestead at the time of submitting final proof. The evidence indicated that the Nelson family had actually resided on the homestead for the requisite period during 1964, and that at that time the house was habitable. There was other evidence presented at the hearing which indicated that at the time of filing final proof, November 25, 1966, agents of the Bureau of Land Management had accidentally come upon the Nelson Cabin, and that

> . . . At the time, it was in a deteriorated condition. The tarpaper on

the roof had come off and the insulation from the ceiling rafters was wet and hanging (Tr. 176). The electrical connections to the cabin had, by then, been removed and there were no apparent facilities for heating (Tr. 177). . . . (Hearing Examiner's Decision, pg. 8).

The government appealed the decision of the hearing examiner to the Interior Board of Land Appeals. Although the government had raised the issue of habitable house at the time of submitting proof in the contest complaint, it had failed to pursue that issue at the hearing before the examiner, and it had failed to enumerate that issue as one of the reasons for appeal to the Interior Board of Land Appeals. Mr. Nelson argued to the Interior Board of Land Appeals that the government had conceded that the allegations in paragraph e of the contest complaint must be dismissed for the reason that the government had not pursued that issue. The Interior Board of Land Appeals did not agree. On December 6, 1972, the Board reversed the decision of the hearing examiner on the ground that a "preponderance of the evidence clearly established" that no habitable house existed on the homestead as of the date of filing final proof. United States v. Nelson, IBLA 71–57.

On January 5, 1973, plaintiff filed his complaint with this court seeking judicial review of the decision of the Interior Board of Land Appeals.

The scope of judicial review is set forth in Section 10(e) of the Administrative Procedure Act, 5 U.S.C.A. § 706:

To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall—

(1) compel agency action unlawfully withheld or unreasonably delayed; and

(2) hold unlawful and set aside agency action, findings, and conclusions found to be—

(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

(B) contrary to constitutional right, power, privilege, or immunity;

(C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;

(D) without observance of procedure required by law;

(E) unsupported by substantial evidence in a case subject to sections 556 and 557 of this title or otherwise reviewed on the record of an agency hearing provided by statute; or

(F) unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court.

In making the foregoing determinations, the court shall review the whole record or those parts of it cited by a party, and due account shall be taken of the rule or prejudicial error. Pub. L. 89–554, Sept. 6, 1966, 80 Stat. 393.

Plaintiff's first contention is that the action of the Interior Board of Land Appeals, in deciding the appeal on an issue neither pursued by the government nor considered by the hearing examiner, should be set aside as being arbitrary, capricious and an abuse of discretion. In the alternative, plaintiff contends that the agency action should be set aside as violative of due process.

The threshold issue, therefore, is whether the Interior Board of Land Appeals was precluded from inquiring into the question of the existence of a habitable house by earlier failure of the government to develop that issue.

Plaintiff urges that the Board was precluded from considering the issue of habitable house at the time of submitting proof. In support of that position, plaintiff relies on Section 8(a) of the

Administrative Procedure Act, 5 U.S.C. A. § 557:

> . . . On appeal from or review of the initial decision, the agency has all the powers which it would have in making the initial decision *except as it may limit the issues on notice or by rule* (emphasis added) . . . .

Plaintiff asserts that certain administrative regulations promulgated by the Secretary of the Interior limit the Board's inquiries on appeal to those issues which are enumerated in a "statement of reasons for appeal." 43 C.F.R. § 1840.0–7, § 1842.5–1 and § 1844.3 (1969) are regulations which require an appellant of an administrative appeal to file a statement of reasons for appeal or suffer dismissal. In general support of his contention, plaintiff cites Adams v. Witmer, 271 F.2d 29 (9th Cir. 1959); Mulkern v. Hammitt, 326 F.2d 896 (9th Cir. 1964); United States v. Consol. Mines & Smelting Co., Ltd., 455 F.2d 432 (9th Cir. 1971); Franco Western Oil Co., 65 I.D. 316 (1958); and Wilbert Phillips & Fletcher Edward, 64 I.D. 385 (1957). None of the cited cases concern the issue of whether the Interior Board of Land Appeals is foreclosed from considering issues not specifically raised in a statement of reasons for appeal to that tribunal. *Adams* and *Consolidated Mines* were cases which involved a corollary of the exhaustion of administrative remedies doctrine which precludes judicial consideration of issues not presented to administrative tribunals. In those two cases, where an appellant seeking judicial review has failed to object to an irregular hearing (or to no hearing at all) sometime during the course of pursuit of his administrative remedy, appellant waives complaint of irregularity upon judicial review. Similarly, *Mulkern* is another decision concerning the exhaustion doctrine. In that case, the court would not judicially review an administrative action where the point on which judicial review was sought had not been raised at the administrative tribunal. The *Franco Western* and *Phil-*

*lips* decisions merely reaffirm the power of the Secretary of the Interior to dismiss an appeal for failure to file a statement of reasons pursuant to an appeal. In any event, 43 C.F.R. § 1840.0–7, § 1842.5–1 and § 1844.3 (1969) do not limit the power of the Secretary of the Interior, acting through the Interior Board of Land Appeals, to adjudicate a matter upon an issue which is supported by the evidence but which has not been enumerated in a statement of reasons for appeal. Those administrative regulations' only function is to permit the Secretary to dismiss an appeal if a statement of reasons for appeal is not filed in a timely manner.

In support of his alternative due process contention, plaintiff has cited Coleman v. United States, 363 F.2d 190 (9th Cir. 1966). That contention is based on the assumption that the government failed to give appropriate notice of the issue upon which the final administrative decision was determined. In *Coleman,* the issue was not alleged in the contest complaint, and the appellant was acting *pro se.* In this case the contest complaint expressly raised the issue of habitable house at the time of resubmitting proof, and plaintiff is well represented by counsel. Accordingly, the due process contention is not well taken.

The government's view of the threshold issue is that the Interior Board of Land Appeals is not precluded from inquiring into the question of existence of habitable house at time of submitting proof. In support of that view, the government also relies upon Section 8(a) of the Administrative Procedure Act, previously set forth in support of plaintiff's contention. That section of the Act has been relied upon by the Secretary of the Interior as his authority to enter all findings of fact and law based upon the record necessary to decide the case as if he were making the decision in the first instance. United States v. Middleswart, 67 I.D. 232, 235 (1960). The *Middleswart* decision relied upon an excerpt

from 2 Davis, Administrative Law Treatise, § 10.04 (1958):

> The final distillation from the case law is that the primary fact-finder is the agency, not the examiner; that the agency retains "the power of ruling on facts . . . in the first instance"; that the agency still has "all the powers which it would have in making the initial decision"; that the examiner is a subordinate whose findings do not have the weight of the findings of a district judge; that the relation between examiner and agency is not the same as or even closely similar to the relation between agency and reviewing court; that the examiner's findings are nevertheless to be taken into account by the reviewing court and given special weight when they depend upon demeanor of witnesses; and that the examiner's findings probably have greater weight than they did before adoption of the APA.

The leading case on the subjects of judicial review and the substantial evidence rule, Universal Camera Corp. v. N.L.R.B., 340 U.S. 474, 494, 71 S.Ct. 456, 468, 95 L.Ed. 456 in a footnote commented on the legislative history surrounding Section 8(a) of the Act:

> . . . It is likely that the sentence was intended to embody a clause in the draft prepared by the Attorney General's Committee, which provided that on review of a case decided initially by an examiner an agency should have jurisdiction to remand or to "affirm, reverse, modify, or set aside in whole or in part the decision of the hearing commissioner, *or itself to make any finding which in its judgment is proper upon the record* (emphasis added)." . . .

■ In view of the express language of Section 8(a) of the Administrative Procedure Act and its interpretation in *Middleswart* and *Universal Camera,* there can be little doubt as to the legal propriety of the Interior Board of Land Appeals in making a finding of fact contrary to one made by the hearing examiner, and even less doubt as to the legal propriety of that tribunal in making a finding of fact upon a matter which was not decided by the hearing examiner.

The threshold issue having been resolved in favor of the government, there remains only the issue of whether, upon review of the whole record or those parts of it cited by both parties, the findings of the Interior Board of Land Appeals are supported by the substantial evidence in this matter. 5 U.S.C.A. § 706(2)(E); Universal Camera Corp. v. N.L.R.B. supra, 488.

Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consol. Edison Co. v. N.L.R.B., 305 U.S. 197, 229, 59 S.Ct. 206, 217, 83 L.Ed. 126 (1938). Substantial evidence "must do more than create a suspicion of the existence of the fact to be established. . . . [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." N.L.R.B. v. Columbian Enameling & Stamping Co., 306 U.S. 292, 300, 59 S.Ct. 501, 505, 83 L.Ed. 660 (1939).

■ It cannot be doubted, upon review of the whole record and those parts of it cited by both parties, that the findings of the Interior Board of Land Appeals are supported by substantial evidence. As previously set forth in this memorandum, the evidence adduced before the hearing examiner clearly indicated that on the date plaintiff submitted final proof, the house in question had not been occupied for almost two years. The house had been without heating equipment for over a year before the critical date. The roof leaked, and the insulation was hanging from the rafters. This was the same evidence relied upon by the Interior Board of Land Appeals in reaching its conclusion. Clearly, the house in question was not habitable on the date of submitting final proof.

Therefore, it is ordered:

1.   That plaintiff's motion for summary judgment is denied.

2.   That the motion for summary judgment of the defendants is granted.

3.   That counsel for defendants forthwith prepare an appropriate judgment form.