**Wilbert SWIFT,**

v.

**Roger LEVESQUE.**

**Civ. No. N–83–486.**

United States District Court,
D. Connecticut.

July 1, 1985.

Herbert I. Mendelsohn, New Haven, Conn., for plaintiff.

Thomas V. McLaughlin, New Haven, Conn., for defendant.

---

### RULING ON CROSS MOTIONS FOR SUMMARY JUDGMENT

ELLEN B. BURNS, District Judge.

In this action for contribution, plaintiff Wilbert Swift has moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, and defendant Roger Levesque has filed a cross motion for summary judgment on his counterclaim, in which he essentially seeks indemnification. In a related action that forms the basis for this action,[1] both plaintiff and defendant were found by a jury in June of 1981 to be "responsible persons" under 26 U.S.C. § 6672,[2] and thus personally liable for the collection and payment of withholding taxes owed by Swift Steel Erectors, Inc. ("SSE") for the third and fourth quarters of 1970.[3] Section 6672 enables the United States government, when it cannot collect taxes from a corporation due to its insolvency, to shift liability to those responsible for the corporation's failure to pay taxes. *White v. United States*, 372 F.2d 513, 178 Ct.Cl. 765 (1967).

Subsequent to the entry of judgment in the prior action, the plaintiff paid $74,-539.03, partially in payment of taxes covering the period for which defendant was not found liable, and the defendant paid $35,-496.59. The plaintiff now seeks contribu-

tion from the defendant in the amount of $15,698.42, plus interest, which plaintiff claims is the difference between what defendant owes for one-half the total amount due for July to December of 1970, and the amount already paid by the defendant. Defendant, on the other hand, has counterclaimed, seeking to recover from plaintiff the $35,496.59 he has paid to the Internal Revenue Service ("IRS") plus reimbursement of his attorneys' fees spent in this and the prior litigation. For the reasons stated below, the plaintiff's motion is granted and the defendant's motion is denied. The court finds that defendant is not entitled to indemnification, but that plaintiff is entitled to contribution.

As plaintiff readily admits, there is no private federal right of contribution or indemnity under 26 U.S.C. § 6672. *Sinder v. United States*, 655 F.2d 729, 731 (6th Cir.1981); *DiBenedetto v. United States*, 75–1 U.S.T.C. ¶ 9503 (D.R.I., 1974). The statute serves as a collection device for the government, and not as a source of a cause of action between or among persons found to be "responsible" parties. The statute does not, however, foreclose a right to contribution under state law. This action, then, is one brought under state law principles and is in federal court by virtue of the diversity of citizenship of the parties. Because Connecticut case law is apparently devoid of any case directly on point, the task of this court is to discern whether Connecticut would recognize a cause of action for either contribution or indemnification between these parties. A detailed discussion of the factual contentions of the parties is necessary, however, before the court can decide the state law question.

---

**1.** The former case was captioned *Roger Levesque v. United States v. Wilbert Swift*, N–77–229.

**2.** 26 U.S.C. § 6672 provides in relevant part that:

Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment

thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.

**3.** The jury, by way of special interrogatories, specifically found that Levesque was not liable for any taxes owed for the first quarter of 1971, and that Swift alone was liable for that additional three-month period. Accordingly, this action involves only the taxes due for the latter six months of 1970.

**174**

### I. *Factual Allegations*

Motions for summary judgment, as are presently before the court, may be granted only if no genuine dispute exists as to issues of material fact, and the moving party is entitled to judgment as a matter of law. *Adickes v. S.H. Kress Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). Moreover, the inferences to be drawn from the facts must themselves not be disputed. *Schwabenbauer v. Board of Education*, 667 F.2d 305, 313 (2d Cir.1981). The burden is on the moving party to show the absence of material fact disputes. It remains for this court to determine first, which facts are genuinely undisputed and second, whether those undisputed facts are sufficient to trigger either the equitable remedy of contribution or indemnification.

Plaintiff has attempted to show that he and defendant were both officers of the corporation and therefore co-debtors, equally liable for the taxes assessed which, he claims, would constitute a corporate debt. In an effort to defeat plaintiff's motion, defendant has attempted to create factual disputes on issues that, if his version is accurate, would render it inequitable for plaintiff to receive contribution from defendant, the prior judgment against defendant and in favor of the IRS notwithstanding. Indeed, defendant contends that, if his story is true, he is entitled to be indemnified for monies already paid.[4] Defendant maintains, by way of affidavit, that the corporation may not have been *bona fide;* that defendant was never a true officer of or partner in the business; that plaintiff made false representations about the financial viability of the business to induce him to become a "partner"; and that defendant did not know the withheld wages were not being paid to the IRS until October of 1970.

At the trial in the underlying action, the verdict indicates that the jury necessarily found SSE to be a corporation between July, 1970, and December, 1970, the period for which contribution is claimed. Claims now that defendant does not know the duration of the corporate life are insufficient to create a fact dispute on this issue.

Regarding defendant's position in the business, plaintiff asserts the following. Plaintiff was the president of the corporation and that defendant was the vice president, secretary and treasurer. Plaintiff contributed financial resources and defendant contributed his skills of supposed equal value. The business office was located in defendant's home. Defendant was a signatory on the corporate checking accounts, and signed payroll checks, and the Form 941 Employers Quarterly Federal Tax Returns for the period of June to December of 1970. Defendant also had the authority to hire and fire employees. Defendant, through affidavit and answers to requests to admit, does not dispute that he hired and fired personnel, signed checks, payroll and tax returns, and indeed, "otherwise allowed [him]self to be known as Vice President, Secretary and Treasurer of the corporation." (¶ 9, Defendant's Affidavit). Yet he insists he never was "a true corporate co-owner, partner or joint venturer with the plaintiff". (¶ 15, Defendant's Affidavit).

 Defendant has failed to raise a triable fact issue as to his true status in the corporation. Equity relies not on titles or form but rather on substance. Defendant has admitted he had at least apparent authority. Because he held himself out to be an officer of the corporation and acted as an officer, the defendant cannot now claim he was neither an officer nor had an officer's authority. *See* Henn, *Handbook of the Law of Corporations* at 201; Restatement of Agency 2d, 7 and 8.

 Defendant denies he handled or had knowledge of the financial dealings of the corporation and asserts he did not know

---

**4.** Defendant simultaneously argues there are fact disputes precluding summary judgment in favor of plaintiff and yet, that the facts show he is entitled to indemnification as a matter of law. The court is not constrained by the parties' positions, however, and may enter judgment in favor of a party who prevails as a matter of law if the court disagrees with that party's argument that fact disputes exist.

until October of 1970 that plaintiff was not covering "bad checks" or providing for the payment of withheld payroll taxes. (¶ 11, 12, Defendant's Affidavit). Defendant does admit he signed checks after October, and significantly, he admits he signed the Form 941 for the period ending December, 1970. Defendant attempts to explain his actions as attributable to "pressure from plaintiff" and the fact that the office remained in his home even after he resumed his prior status of an employee. (¶ 6, Defendant's Counterclaim). However, defendant is collaterally estopped from relitigating the issue of his knowledge of the handling of financial matters and the withheld payroll taxes. In order to find a person personally liable to the IRS under 26 U.S.C. § 6672, the jury must find that the person is required to keep, account for and pay over the taxes *and* that he failed to do so *willfully*. The jury's verdict in the prior case unequivocally shows that defendant's version of the facts was rejected. The jury answered two interrogatories with respect to Levesque. First it was specifically found that defendant *was* required to account for and pay over taxes withheld from wages for the third and fourth quarters of 1970, although he *was not* so obligated for the first quarter of 1971. As a second step, the jury further found that defendant's failure to pay over the taxes was willful for the third and fourth quarters of 1970. It is beyond dispute that defendant had a full and fair opportunity to litigate his claim that he was not aware of plaintiff's handlings of the tax matters, and he did so against both the IRS and Wilbert Swift, whose interest was adverse to his own. Willfulness is intentional, voluntary and knowing conduct, and thus defendant cannot be heard now to disclaim his knowledge or involvement for the six-month period in question.

As a final factual matter, defendant contends the plaintiff made false claims about the financial health of the business in order to lure him into partnership. Although a factual dispute does appear to exist on this matter, it is irrelevant to the instant action. Regardless of the reason the defendant accepted plaintiff's offer to become more than an employee, the fact remains that it has already been conclusively established that, as a corporate officer, defendant had the requisite knowledge and intent when he participated in the failure to pay over the taxes. Once he was in, he knew what he was doing.

The inevitable conclusion, then, is that the defendant has failed to raise any material fact disputes. SSE was a corporation, defendant either was an officer or at least held himself out as an officer, and defendant willfully failed to pay over taxes to the IRS, as did plaintiff.

## II. *Indemnification*

 It is readily apparent based on the foregoing, that as a matter of law, defendant is not entitled to indemnification by the plaintiff for the amount defendant has already paid to the IRS. Indemnification is permissible under state law only upon a showing that one party had "primary" liability and that the party with "secondary" or "passive" liability had no "control of the situation" and "[did] not know of the fault [and had] no reason to anticipate it." *Preferred Accident Ins. Co. v. Musante, Berman & Steinberg Co.,* 133 Conn. 536, 543, 52 A.2d 862 (1947). *See also Kaplan v. Merberg Wrecking Corp.,* 152 Conn. 405, 207 A.2d 732 (1965). Clearly, defendant Levesque cannot make such a showing in light of the previous jury finding of willfulness on his part. Accordingly, defendant's cross-motion for summary judgment is denied and judgment shall enter for plaintiff on defendant's counterclaim.

## III. *Contribution*

Having clarified the undisputed factual posture of this case, the court turns to the question of how a Connecticut court would treat the taxes paid by plaintiff to the IRS.

The Connecticut Supreme Court has recently reaffirmed that "[t]he common law of this state, unlike that of a number of other jurisdictions, does not permit contri-

bution between joint tortfeasors." *Gomeau v. Forrest*, 176 Conn. 523, 524, 409 A.2d 1006 (1979). However, the state courts do recognize contribution under other circumstances. In *Waters v. Waters*, 110 Conn. 342, 148 A. 326 (1930), after co-executors incurred a debt to an estate for which they were found jointly and severally liable, the plaintiff paid the obligation. In the subsequent action for contribution, the court held that a debtor who paid more than his share of a debt for which another was also liable had an implied contract for reimbursement, and a right of contribution against the other for the amount paid in excess of his proportionate share of the total obligation. *Id.* at 345, 148 A. 326. *See also Fidelity & Casualty Ins. Co. v. Sears, Roebuck & Co.*, 124 Conn. 227, 231, 199 A. 93 (1938), ("This doctrine affording reimbursement is based not on contract but upon the equitable principle that those voluntarily assuming a common burden should bear it equally."); *MacArthur v. Cannon*, 4 Conn.Cir. 208, 229 A.2d 372, 374 (1967), (contribution among officers/shareholders of a close corporation who were co-makers of a note; a "familiar principle" that one who pays a debt for which others are equally liable is entitled to contribution from the others for their proportionate shares.) Thus, it appears Connecticut is among those states that have found that the doctrine of contribution, where applicable, is "founded on the equitable principle that where one has been compelled to pay money which the other was equally bound to pay and has thus discharged the common burden, the latter, who has also secured the benefit, should in good conscience refund his own

proportion of the obligation." *Waters*, 110 Conn. at 345, 148 A. 326.[5]

It is upon this same equitable principle that the court in *Esstman v. Boyd*, 605 S.W.2d 237 (Tenn.App.1978), relied. Like this action, *Esstman* was an action for contribution by one officer of a close corporation against another for one-half the withholding taxes paid by the plaintiff to the IRS under 26 U.S.C. § 6672 after the corporation became insolvent. Applying Tennessee law which, like that of Connecticut, views contribution as an equitable doctrine, the *Esstman* court ultimately found the defendant liable to the plaintiff for his proportionate share of the tax obligation previously paid in full by plaintiff.

Plaintiff would have this court adopt the approach taken by the Tennessee court and the *Waters* court, and view this matter as a corporate debt, in effect raising an implied contract to reimburse such that the equitable doctrine of contribution applies. In plaintiff's view, the jury's unequivocal finding of willful conduct by both Swift and Levesque is irrelevant to this contribution claim and was a necessary element only for enabling the IRS to collect the corporate debt from the persons controlling the corporation.

It is not immediately clear, however, that a Connecticut court would adopt the *Esstman* approach rather than the joint tortfeasor rule of which the Connecticut Supreme Court has so recently approved. *Gomeau, supra.* The policy behind denying contribution between joint tortfeasors has been stated as follows: "Where there

---

5. Connecticut also recognizes a statutory right to contribution among partners. Conn.Gen. Stat. § 34–53 holds partners jointly and severally liable for debts incurred by the partnership and Conn.Gen.Stat. § 34–56(a) holds partners liable for contribution to partnership losses in proportion to their share of the profits. In his complaint at ¶ 19, plaintiff cites § 34–53 as a basis for his recovery, yet in his brief, he argues that SSE was a corporation. Although it is true that an increasing number of jurisdictions have found that the relationship between officer/stockholders in a close corporation approxi-

mates that of partners, 1A Fletcher, Cyclopedia of the Law of Corporations, section 70.1 (1961), the court does not find that § 34–53 gives plaintiff a statutory right to contribution. Rather, the existence of § 34–53 is only support for the argument that Connecticut would recognize an equitable cause of action for contribution in this case because of the "practical realities" of small corporations in which the stockholders, officers, directors, and managers are the same two persons. *See Helms v. Duckworth*, 249 F.2d 482, 486 (D.C.Cir.1957).

are two joint tortfeasors and each is guilty of intentional wrongdoing, there may be sound justification for a denial of contribution because either party in seeking it would have to take his stand upon his own wrong." *Preferred Accident,* 133 Conn. at 543, 52 A.2d 862.[6] It cannot be ignored that in the instant case, plaintiff's claim does depend on his own intentional wrongdoing as well as that of the defendant.

■ With these policy considerations firmly in mind, this court nevertheless concludes that a Connecticut court would decide this close question in favor of finding a right of contribution. The jury's finding of willfulness in the underlying action by the IRS is not dispositive of the obligations between these two parties, as defined by state law. Federal courts discussing § 6672 have clearly stated that although the section is a civil penalty it is quite different from a criminal punishment, and "is simply a means of ensuring that the tax which is unquestionably owed the government is paid." *Feist v. United States,* 607 F.2d 954, 957, 221 Ct.Cl. 531 (1979); *Botta v. Scanlon,* 314 F.2d 392, 393 (2d Cir.1963). In effect, it is "merely" a collection device. *Hartman v. United States,* 538 F.2d 1336, 1340 (8th Cir.1976). The government must establish willfulness as a means to impose personal liability but willfulness does not require a showing of "bad purpose." *Sherman v. United States,* 490 F.Supp. 747, 754 (E.D.Mich.1980).

In *Esstman,* there had been no trial and thus no jury finding of willfulness because the plaintiff had paid the corporate taxes before the IRS had to bring suit against either corporate officer under § 6672. However, the court made its own factual finding that the defendant was a responsible person as required under § 6672, based on the defendant's corporate duties and the fact that the defendant participated

in the decision not to pay the taxes to the IRS. The Tennessee court considered this finding a necessary step before it could order contribution, to assure that both parties would have been liable to the government. Even though the court had, in essence, found that the plaintiff acted willfully, the court did not hesitate to find that contribution between the two responsible parties was appropriate.

There is also Connecticut precedent for allowing contribution between persons who have acted improperly. In *Waters, supra,* the co-executors of the estate had used money belonging to the estate for their own personal purposes, resulting in their being relieved of their positions as executors. Nevertheless, the court unhesitatingly ordered contribution.

A finding that Connecticut state law permits contribution between responsible persons under § 6672 in no way inhibits the efficient collection of taxes owed to the government, provided the claim of contribution is brought as an action separate from that brought by the IRS pursuant to § 6672. *Cf. DiBenedetto v. United States,* 75–1 USTC at 87,332 (third-party defendant may not implead fourth-party defendants to establish "exculpatory facts" as between responsible persons.) Moreover, it would seem to promote a just result, analogous to the requirement that the government "pursue all persons who may have shared the 'responsibility' in order to recover 'the government's money,' otherwise … persons who were actually responsible and willful may escape the penalty." *Feist v. United States,* 607 F.2d at 963. Once it has been established that both plaintiff and defendant are responsible for the nonpayment of taxes, as was established in the prior action, the mere fortuity of IRS collection practices should not shift the ultimate burden of payment to only one of the parties. Equity favors contribution in this

---

**6.** This policy is not unlike the "clean hands" doctrine which provides that equity will deny relief when a plaintiff's claim is tainted by fraud and that claim depends on the prior fraud. *Gest*

*v. Gest,* 117 Conn. 289, 296, 167 Conn. 909 (1933); *Forestiere v. Doyle,* 30 Conn.Sup. 284, 286, 310 A.2d 607 (1973).

case, regardless of the intentional nature of the actions of plaintiff and defendant.

The court concludes that a Connecticut court would view the unpaid taxes of SSE as a corporate debt for which the joint venturers had an implied agreement to be equally responsible. Thus, plaintiff has a right of contribution under state law.

CONCLUSION

The court finds there is no genuine dispute that SSE was a corporation, that defendant was an officer thereof, or at least acted in that capacity, and that both plaintiff and defendant willfully failed to pay withheld wages over to the IRS for the period of July to December of 1970. As there are no triable material factual issues, judgment may enter. Judgment shall enter in favor of plaintiff on defendant's counterclaim as defendant is not entitled to indemnification as a matter of state law. Judgment shall also enter in favor of plaintiff on his complaint, as he is entitled to contribution. As to the amount of the judgment, plaintiff asserts that $102,380.02 is the total amount owed for the period of time for which both plaintiff and defendant were responsible. Defendant's share is calculated by plaintiff to be $51,195.01, of which defendant has paid $35,496.59. Plaintiff therefore seeks $15,698.42 from defendant. Defendant has not challenged these figures in any way. Accordingly, judgment shall enter in favor of plaintiff in the amount of $15,698.42. The court awards no interest, however. It is not clear whether interest should be calculated from the time of the judgment in the prior case, from the time plaintiff paid more than his share, or from the time defendant paid less than his share. Plaintiff has not suggested a calculated amount of interest or any method of calculation, or even informed the court of the possible dates from which to calculate. In the equitable discretion of the court, it is found that no interest is appropriate. The parties shall bear their own costs.

SO ORDERED.