**Robert R. SCHOOT, Plaintiff and Counterclaim Defendant,**

v.

**The UNITED STATES of America, Defendant and Counterclaimant,**

v.

**Roger C. VORBAU, Additional Defendant on the Counterclaim.**

No. 86 C 0179.

United States District Court, N.D. Illinois, E.D.

Jan. 6, 1987.

Steven J. Rotunno, Peter Ordower, Mark E. Resnik, Joyce & Kubasiak, Chicago, Ill., for Schoot.

Ann Wallace, Asst. U.S. Atty., Chicago, Ill., Joseph Cammarata, Tax Div., Dept. of Justice, Washington, D.C., Barry Lieberman, Dickerson Dickerson & Lieberman, Las Vegas, Nev., for U.S.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Roger C. Vorbau ("Vorbau"), counter-defendant and cross-defendant in this tax refund and penalty action, brings these motions to dismiss under F.R.Civ.P. 12 the counterclaim of the United States of America and the cross-claim of Robert R. Schoot ("Schoot"). For the reasons noted below, we deny Vorbau's motion as to the counterclaim, but grant it as to the cross-claim.

### FACTS [1]

On August 8, 1983, Schoot and Vorbau were each assessed a 100% penalty (held jointly and severally liable) of $47,194.53 pursuant to 26 U.S.C. § 6672 ("section 6672") for their willful failure to collect, truthfully account for, and pay over withholding and Federal Insurance Contributions Act taxes due and owing from Steelograph Business Interiors, Inc. ("Steelo-

---

**1.** As in all motions to dismiss we assume all well pleaded facts to be true, and view them, as well as all reasonable inferences therefrom, in the light most favorable to the plaintiff.

graph") for the second, third, and fourth quarters of 1980, the fourth quarter of 1981 and the first quarter of 1982. Despite the assessments and demands made upon Vorbau by the government, and except for the application of a refund in the amount of $1,807.00, Vorbau has refused or neglected to pay the assessed liability. Despite the assessments and demands made upon Schoot by the government, and except for the application of a refund in the amount of $137.31 and the payment of $50.00, he has refused or neglected to pay the assessed liability.

Steelograph was incorporated in Illinois and had its principal place of business in Illinois. At all relevant times herein, Schoot was an employee of Steelograph and he performed only ministerial duties at the direction of Vorbau. At all relevant times herein, Vorbau was President of Steelograph. Schoot did not have control over the company's payroll or business decisions nor did Schoot decide which creditors Steelograph would pay. Those types of decisions were made by Vorbau, who was solely responsible for payment of the relevant taxes.

Schoot originally filed a claim under 28 U.S.C. §§ 1331, 1346(a)(1) against the United States to recover Internal Revenue taxes and interest allegedly erroneously or improperly assessed or collected from Schoot. The United States counterclaimed against Schoot for the balance due on the penalty. Vorbau was made a party to this action as an additional defendant on the government's counterclaim pursuant to Fed.R.Civ.P. 13(h). Schoot subsequently filed a cross-claim against Vorbau, pursuant to Fed.R.Civ.P. 13(g) for contribution and indemnification.

Currently before this Court are Vorbau's motions to dismiss the Counterclaim of the United States under Fed.R.Civ.P. 12(b) for lack of personal jurisdiction, improper venue and improper joinder and to dismiss the cross-claim by Schoot under Fed.R.Civ.P. 12(b) for lack of subject matter jurisdiction, failure to state a claim upon which relied can be granted, and improper venue.

*Motion to Dismiss Counterclaim filed by the United States*

Vorbau seeks dismissal of the United State's counterclaim pursuant to Fed.R. Civ.P. 12(b) for lack of personal jurisdiction, improper venue and improper joinder. We reject this motion for the following reasons.

■ Vorbau is subject to the personal jurisdiction of this Court by Fed.R.Civ.P. 4(e) and Ill.Rev.Stat. ch. 110 § 2–209 (1985). The Illinois long arm statute provides that if any person, in person or through an agent, does any of the acts enumerated in the statute, they submit to the jurisdiction of the Illinois courts. Section 2–209(a)(1) provides that the transaction of any business within Illinois is such an act. The Government has alleged that Vorbau was president of an Illinois corporation and resided in Illinois at the time the acts, out of which this action arose, took place. The fact that counterdefendant Vorbau has since moved out of state does not insulate him from the long arm jurisdiction of the state of Illinois for acts that took place while he lived and worked in the state. Therefore, it is clear that this Court has personal jurisdiction over Vorbau.

■ Vorbau contends that improper venue is another ground for dismissal. Venue for Schoot's original complaint against the Government is properly located in this district because pursuant to 28 U.S.C. § 1402 any action against the United States under 28 U.S.C. § 1346 may be prosecuted in the judicial district where the plaintiff resides. Thus, where Schoot resides in the Eastern Division of the Northern District of Illinois, venue is proper in this Court. The issue that Vorbau raises is whether there is proper venue for the Government's counterclaim. However, in the case of compulsory counterclaims, the venue statutes have been construed to apply only to the original claim, and not to the compulsory counterclaims. 6 C. Wright & A. Miller, *Federal Practice and Procedure* § 1416 (1971). Therefore, as a third party brought into

this action under Fed.R.Civ.P. 13(h), Vorbau cannot object to venue.[2]

Vorbau also contends that this Court should decline jurisdiction because it would be "unfair" for him to litigate this matter in Illinois. While we are not sure how relevant fairness is to this issue, the Government has agreed to conduct any deposition of Vorbau in Nevada, which should alleviate some of Vorbau's financial hardships. Even if this court had discretion to make the Government litigate this case against Vorbau in Nevada, we would be disinclined to do so because the transactions giving rise to this cause of action arose in Illinois, many of the witnesses reside in Illinois, and the records relating to this matter are stored in Illinois.

Finally, Vorbau contends that the counterclaim against him should be dismissed for improper joinder. First, Vorbau argues that the Government failed to make a proper motion to join Vorbau as an additional counterdefendant under Fed.R.Civ.P. 13(h). A review of the record, however, reveals that the Government in its May 2, 1986 Motion to File Amended Answer and Counterclaim sought leave of this Court "to add Roger C. Vorbau as an additional defendant on the counterclaim." That motion was allowed by this Court by way of a May 2, 1986 minute order.

■ Vorbau also argues that his joinder is improper under Fed.R.Civ.P. 20 because "the issue of fact to be determined by a fact finder with respect to Vorbau will not be in common with respect to plaintiff Schoot." Rule 20, however, states that joinder is proper "if *any* question of law or fact common to all defendants will arise in the action." (emphasis added). As the Government noted in its brief, there are numerous common questions of law or fact in this action.[3] Therefore, finding that the Government properly joined Vorbau as an additional defendant to the counterclaim under Fed.R.Civ.P. 13(h) and 20, we deny Vorbau's motion to dismiss on that grounds.

In sum, we deny Counterdefendant Vorbau's motion to dismiss the counterclaim of the United States on all grounds alleged.

### *Motion to Dismiss Robert Schoot's Cross-Claim*

Vorbau seeks dismissal of Schoot's cross-claim for lack of subject matter jurisdiction, failure to state a claim upon which relief can be granted and improper venue. Because we find that we lack subject matter jurisdiction over Schoot's cross-claim, we need not address Vorbau's motion to dismiss for failure to state a claim upon which relief can be granted nor his claim of improper venue.

2. If the Government had to establish venue, we think that 28 U.S.C. § 1396 would establish venue in this type of action. Although, section 1396 refers only to collection of internal revenue taxes and not explicitly to the collection of internal revenue tax penalties, we think that a fair reading would include suits for the recovery of such penalties. Section 1396 provides that "[a]ny civil action for the collection of internal revenue taxes may be brought in the district where the liability for such tax accrues, in the district of the taxpayer's residence, or in the district where the return was filed." The Government's counterclaim does not specifically mention where Steelograph was located or where the company's return was filed, but it was apparently in this district. The Government, if it needed to do so, could amend its counterclaim to allege the location of the company or where the return was filed for venue purposes. Of course, as noted above, this is all moot because we have held that Vorbau cannot object to venue in the first place.

3. The Government set forth the following as common questions of law or fact in this action:

1. Who was responsible for withholding, accounting for and paying over the withheld taxes?

2. Was the failure to account and pay over those taxes willful?

3. Who had the power to control the decisionmaking process by which Steelograph allocated its funds among creditors?

4. Who prepared or assisted in the preparation of federal tax returns?

5. Who prepared, reviewed or signed financial statements of Steelograph?

6. Who signed checks for Steelograph?

7. Who had authority to hire and fire employees?

8. Who were the officers of Steelograph?

9. What were the responsibilities of those officers?

10. What was the relationship of the officers among themselves in relation to the conduct of the day to day affairs of Steelograph?

Schoot has filed a cross-claim against Vorbau for contribution and/or indemnity for all attorneys' fees, damages, liabilities, assessments and losses incurred by Schoot in connection with this lawsuit. Vorbau contends that there is no right to indemnification or contribution for penalties assessed under 28 U.S.C. § 6672, and that there is no subject matter jurisdiction for this Court to consider such actions grounded upon state law in the same action where the government seeks enforcement of its section 6672 penalties.

In support of its position that we have subject matter jurisdiction to maintain this cross-claim in this action, Schoot cites *Swift v. Levesque*, 614 F.Supp. 172 (D.Conn.1985) and *Garity v. United States*, 46 A.F.T.R.2d 80–5143, 80–1 U.S. Tax Cas. ¶ 9407 (E.D. Mich.1980). A review of these cases shows very little support for Schoot's position. *Swift*, while recognizing the right to seek contribution under state law for another's proportionate share of the section 6672 penalty, clearly conditioned that the recognition upon the fact that the claim is brought in a proceeding separate from the penalty action. "A finding that Connecticut state law permits contribution between responsible persons under § 6672 in no way inhibits the efficient collection of taxes owed to the government, *provided the claim of contribution is brought as an action separate from that brought by the IRS pursuant to § 6672. Swift*, 614 F.Supp. at 177 (emphasis added).

*Garity* is of little help also because the entire discussion concerning this issue was pure dicta. The motion to dismiss in *Garity* was filed by the Government rather than the plaintiff. The Court in *Garity* held that it could not consider the motion to dismiss because the Government lacked standing to bring the motion. The court then in dicta indicated that had the merits been before it, it would have allowed the cross-claim on state law theories of fraud and contract.

Vorbau cites the following cases to support its position: *Sinder v. United States*, 655 F.2d 729 (6th Cir.1981); *Rebelle v. United States*, 588 F.Supp. 49, 54 A.F.T.R.2d 84–5698, 84–2 U.S. Tax Cas. ¶ 9717 (M.D.La.1984); *Rice v. Pearce*, 574 F.Supp. 23, 52 A.F.T.R.2d 83–6129, 83–2 U.S. Tax Cas. ¶ 9717 (S.D.Iowa 1983); *Moats v. United States*, 564 F.Supp. 1330 (W.D.Mo. 1983); *DiBenedetto v. United States*, 35 A.F.T.R.2d 75–1502, 75–1 U.S. Tax Cas. 9503 (D.R.I.1974).

We believe that *Sinder*, *DiBenedetto* and *Rice* stand only for the proposition that there is no federal right of contribution under section 6672, and that these cases never specifically considered whether such a right can arise under state law.

*Moats* and *Rebelle* both reject the dicta in *Garity* and hold that there is no right to maintain a cause of action for contribution or indemnity even if the right is asserted under state law. The court in *Rebelle* found that there were sound policy reasons against allowing a right of contribution or indemnity to someone who has willfully, consciously, and intentionally acted:

> [W]hen a person *willfully* acts and has a penalty assessed pursuant to section 6672, that person should not and must not have that liability for the penalty shared or placed wholly on another because of some contractual or fiduciary duty. The sound policy reasons against allowing a right of contribution or indemnity to someone who has willfully, consciously, and intentionally acted must and do apply under the facts of this case.

*Rebelle*, 588 F.Supp. at 52. We are not persuaded by this reasoning. As the court in *Swift* noted while finding there was a state law remedy for contribution, the purpose of the section 6672 penalty is not to punish, but really to insure the payment of the trust fund taxes due the government:

> The jury's finding of willfulness in the underlying action by the IRS is not dispositive of the obligations between these two parties, as defined by state law. Federal courts discussing § 6672 have clearly stated that although the section is a civil penalty it is quite different from a criminal punishment, and is "simply a means of ensuring that the tax which is unquestionably owed the government is paid." In effect, it is "merely" a collec-

tion device. The government must establish willfulness as a means to impose personal liability but willfulness does not require a showing of "bad purpose." *Swift*, 614 F.Supp. at 177 (citations omitted). Therefore, we do not find that someone who is found liable for the 100% penalty should also be precluded from asserting state law remedies.

A review of the *Moats* decision shows that that court's real concern was for keeping the government's action uncomplicated. "The practice and procedures developed over the years to test the validity of a § 6672 assessment were not and are not designed for and should not be complicated by, collateral litigation that may be instituted by and between various persons who may be determined to be 'responsible persons' in a particular case." *Moats*, 564 F.Supp. at 1341–42. We believe that the *Swift* approach which allows a party to institute a separate action for indemnity or contribution *after* the IRS action is completed, is the better approach to take. Therefore, we find that although we lack subject matter jurisdiction to consider Schoot's cross-claim for indemnity or contribution at this juncture, he may assert any state law claims, if any, in a separate proceeding subsequent to this proceeding.[4]

Accordingly, we find that we lack subject matter jurisdiction to consider Schoot's cross-claim and we therefore grant cross-claim defendant Vorbau's motion to dismiss under Fed.R.Civ.P. 12(b)(1).

### Conclusion

We deny counterdefendant Vorbau's motion to dismiss the counterclaim of the United States for lack of personal jurisdiction, improper venue and improper joinder. We grant cross-claim defendant Vorbau's

4. In his brief, Schoot contends that under Illinois law a claim for contribution must be asserted at the time the underlying claim is litigated. In *Laue v. Leifheit*, 105 Ill.2d 191, 85 Ill. Dec. 340, 473 N.E.2d 939 (1984) the Illinois Supreme Court interpreted section 5 of the Contribution Among Tortfeasors Act to require that any action for contribution be brought at the same time as the underlying negligence action. However, in an ordinary negligence action there is no reason a potential contribution claimant

motion to dismiss the cross-claim of Schoot because we lack subject matter jurisdiction to consider a claim for indemnification or contribution at the same time as the Government's section 6672 penalty enforcement action.

cannot bring a cross-claim or counterclaim for contribution. That is not a situation in the present case. This is not a negligence action and our prime concern is to avoid complicating the government's action to collect the section 6672 penalty with collateral litigation between the parties.

We believe that the Supreme Court of Illinois would agree with us that the *Laue* rule does not apply to this situation.