Dennis W. CONLEY, Plaintiff,

v.

UNITED STATES of America,
Defendant,

v.

Richard A. CHRISTENSON and John C.
Peterson, Counterclaim Defendants.

No. IP 86 1385 C.

United States District Court,
S.D. Indiana,
Indianapolis Division.

Aug. 6, 1991.

George P. Adinamis, Jack C. Brown, Indianapolis, Ind., for plaintiff.

Douglas W. Snoeyenbos, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., Winfield D. Ong, Asst. U.S. Atty., Indianapolis, Ind., for defendant and counter-claim defendants.

## ORDER ON MOTION FOR SUMMARY JUDGMENT

McKINNEY, District Judge.

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, plaintiff, Dennis W. Conley, on May 2, 1991, filed a motion for summary judgment on counterclaim defendant, John C. Peterson's counterclaim against Dennis W. Conley and Richard A. Christenson. Peterson filed a response on June 21, 1991. For the reasons set forth, the Court GRANTS plaintiff's motion for summary judgment.

In his counterclaim, Peterson demands indemnification from Conley and Christenson for any funds collected from Peterson related to the United States' attempt to collect an assessed tax penalty. The narrow issue before the Court is whether there is a right to indemnification or contribution for persons against whom penalties are sought pursuant to 26 U.S.C. § 6672, under either federal or state law. The Court holds that there is not.

First, the Court looks to whether there is a federal law right to contribution. As there is no Seventh Circuit authority on point, the Court must give "respectful consideration" to the decisions of other circuits. *Colby v. J.C. Penney Co., Inc.*, 811 F.2d 1119, 1123 (7th Cir.1987); *Richards v. Local 134, Int'l Brotherhood of Electrical Workers*, 790 F.2d 633, 636 (7th Cir.1986). In *Brown v. United States*, 591 F.2d 1136, 1142 (5th Cir.1979), the Fifth Circuit observed that "[t]he language of § 6672 indicates that each responsible person is liable for a penalty equal to the total amount of the withholding tax not paid to the govern-

ment." *See also McCray v. United States,* 910 F.2d 1289, 1290 (5th Cir.1990) (liability under § 6672 is joint and several); *Hartman v. United States,* 538 F.2d 1336, 1340 (8th Cir.1976) (same holding); *Sinder v. United States,* 655 F.2d 729, 732 (6th Cir. 1981) (same holding).

Section 6672(a) provides:

Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax ... shall ... be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.

The statute does not indicate that an individual is liable only for a portion of the tax debt. Certainly joint and several liability is consistent with governmental desires to ensure total recovery of taxes due, and to minimize the effort necessary to recover. Accordingly, a party against whom a § 6672 remedy is sought does not have a federal law right to contribution.

The second issue is whether state law may create a right to contribution under § 6672. Again the Court finds no Seventh Circuit authority on point. However, the Central District of Illinois has fairly recently addressed the issue. In *Marine Bank of Champaign–Urbana v. U.S.,* 739 F.Supp. 1257, 1258–59 (C.D.Ill.1990), the district court held that there is no state law right of contribution among persons against whom penalties are sought under § 6672 because Congress did not explicitly or implicitly create a state law right to contribution. *Accord Moats v. United States,* 564 F.Supp. 1330 (W.D.Mo.1983); *Rebelle v. United States,* 588 F.Supp. 49 (M.D.La. 1984). If Congress intended for state law to provide a right to contribution, it could have included a section which allows state law remedies to fill gaps left by the federal law as it did in 42 U.S.C. § 1983 for federal civil rights actions. *Id.* Congress chose not to, and accordingly, this Court holds that when a § 6672 remedy is sought, a party may not seek a state law right to contribution.

The Northern District of Illinois, however, has held that there is a right to contribution when a § 6672 remedy is sought. *Schoot v. United States,* 664 F.Supp. 293 (N.D.Ill.1987). The district court determined that a separate action for contribution or indemnity may be brought *after* the collection action is completed. *Id.* at 298. The court based its decision on the reasoning that § 6672 is not intended as a punishment, rather it is only a means of ensuring the collection of the tax. Thus, the court reasoned that after the government has its tax, the government has no interest in who eventually is responsible for the money. This Court does not agree. The clear language of § 6672 states, "Any person required to collect ... and pay over any tax imposed by this title who willfully fails to collect such tax ... shall ... be liable to a penalty equal to the total amount of the tax evaded." Because a 100 percent penalty is a punishment, this Court rejects *Schoot.* Moreover, the purpose of the statute is not only to ease collection of the debt after suit has been brought, but to also encourage voluntary compliance with the law. If a person has a potential liability of twice the tax due without an opportunity to spread penalty, that person is more likely to take an active interest in ensuring that the withholding taxes are paid in the first place. At any rate, *Schoot* does not support Peterson's desire for this Court to address the issue of contribution at the same time it addresses the issue of liability. The *Schoot* court makes clear that it would only allow a party to institute a separate action for indemnity or contribution *after* the collection action is completed not concurrent with the collection action. *Id.*

Notwithstanding this distinction, Peterson argues that summary judgment should be denied because when he discovered the unpaid taxes, Conley expressly agreed that the taxes would be paid by a pending loan. Thus, Peterson contends this implied agreement supports an action for contribution. Unfortunately, Peterson, by counsel, fails to adequately support his factual contentions. Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together

with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Further, Rule 56(e) provides:

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Since the Supreme Court's trilogy of decisions on summary judgment, *see Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); and *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986), it is clear that the mandatory aspects of Rule 56 must be followed by the district courts, and, as a result, summary judgment must be entered where appropriate. Decisions of the Seventh Circuit reflect this change in attitude. *See, e.g., Herman v. City of Chicago*, 870 F.2d 400, 404 (7th Cir.1989); *Spellman v. Commissioner*, 845 F.2d 148, 152 (7th Cir.1988); *Collins v. Associated Pathologists, Ltd.*, 844 F.2d 473 (7th Cir.), *cert. denied*, 488 U.S. 852, 109 S.Ct. 137, 102 L.Ed.2d 110 (1988).

 As set out above, at the summary judgment stage factual contentions must be supported by affidavit. Peterson has not filed an affidavit to support his reliance on an implied agreement to maintain an action for contribution. Accordingly, the Court will not address the effect of an implied contract on the right of contribution in a § 6672 penalty action.[1] The Court

GRANTS plaintiff's motion for summary judgment.

IT IS SO ORDERED.

---

**1.** A finding that Peterson violated § 6672 may bar any right Peterson would have to contribution under the "clean hands" doctrine even ac-

cepting Peterson's unsupported contentions. *See Wynne v. Fischer*, 809 S.W.2d 264 (Tex.App. 1991).