**Frederick D. LAUB, Plaintiff,**

v.

**Donald J. ROSS, and Kathleen W. Ross, Defendants.**

**No. 92–1506–CIV.**

United States District Court, S.D. Florida.

March 30, 1993.

Mitchell S. Fuerst, John S. Bohatch, Richman & Guttenmacher, Miami, FL, for plaintiff.

William Fraggeta, Bailey Hunt Jones & Busto, Miami, FL, for defendants.

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND ORDER DENYING ANY PENDING MOTIONS AS MOOT

MORENO, District Judge.

THIS CAUSE came before the Court upon Defendants' Motion to Dismiss the Complaint filed on September 18, 1992.

THE MATTER was referred to the Honorable Barry L. Garber, United States Magistrate Judge. A Report and Recommendation filed December 18, 1992, has been entered recommending that the Defendants' motion to dismiss be granted. The Plaintiff filed an objection to the Magistrate's recommendations and requested oral argument on the issue. The Court has reviewed the entire file and record, and has conducted a *de novo* review of the issues presented by the objections to the Magistrate Judge's Report and Recommendation.

### FACTUAL BACKGROUND

The facts, briefly stated, are as follows. Donald and Kathleen Ross and Frederick Laub were officers and shareholders of the Utmost Fitness Center (Utmost). On July 6, 1989, the Rosses sold their shares in the business to Laub. The sale agreement provided, *inter alia*, that (1) Laub would indemnify the Rosses for any damages or liabilities resulting from the Rosses having been officers/shareholders of the corporation and (2) that any disputes which arose under the contract for sale would be subject to binding arbitration.

In 1990, the Internal Revenue Service assessed a 100% penalty against the Rosses pursuant to 26 U.S.C. § 6672 for unpaid payroll taxes and penalties. The Rosses sued Laub in Dade County Circuit Court demanding arbitration. Laub submitted to arbitration and the arbitration panel found that, pursuant to the sales contract, Laub was liable for the unpaid payroll taxes of Utmost. The Rosses then brought suit in Dade County Circuit Court to confirm the arbitration award. Laub has now filed the instant suit in federal court seeking to enjoin the Rosses from pursuing their confirmation claim in the state courts. In his complaint, Laub stated that the basis for federal jurisdiction was 28 U.S.C. § 1331, 28 U.S.C. § 1340, and 28 U.S.C. § 1651. The thrust of Laub's suit is that since § 6672 deals with an issue of federal taxes and the Internal Revenue Code, federal law preempts the entire field thereby barring any state judicial or arbitration proceedings addressing tax liability. Moreover, he contends, § 6672 does not provide for or allow federal suits for contribution or indemnification of tax assessments. The Rosses moved to dismiss the case due to lack of subject matter jurisdiction.

### DISCUSSION

Section 6672 is primarily a mechanism for the federal government to collect unpaid taxes. It is meant to serve as a tool for the Internal Revenue Service to assess tax penalties quickly and to collect penalties quickly. The statute does not serve as a vehicle through which blame is apportioned among various potentially liable parties. "The statute serves as a collection device for the government, and not as a source of a cause of action between or among persons found to be 'responsible' parties." *Swift v. Levesque*, 614 F.Supp. 172, 173 (D.Conn.1985). Consequently, the vast majority of cases hold that there is no federal common law right to contribution or indemnification under section 6672.

> "The practice and procedures developed over the years to test the validity of a § 6672 assessment were not and are not designed for and should not be complicated by, collateral litigation that may be instituted by and between various persons who may be determined to be 'responsible persons' in a particular case." We believe that the *Swift* approach which allows a party to institute a separate action for indemnity or contribution *after* the IRS action is completed, is the better approach to take.

*Schoot v. United States*, 664 F.Supp. 293, 298 (N.D.Ill.1987) (citation omitted). "[I]t is well settled that a federal court lacks subject matter jurisdiction to consider a state claim for indemnity or contribution *at the same time as* the Government's § 6672 penalty enforcement action." *Cook v. United States*, 765 F.Supp. 217, 220 (M.D.Pa.1991). Toward

this end, section 6672 has been interpreted so that the IRS's collection effort remains uncluttered by spin-off litigation apportioning liability. "The majority of jurisdictions express a genuine concern 'to avoid complicating the Government's action to collect the § 6672 penalty with collateral litigation between the parties.'" *Id.* at 219 (citation omitted).

While no section 6672 federal indemnification action is available, parties may look to their state courts for indemnification relief. "The statute does not ... foreclose a right to contribution under state law." *Swift v. Levesque,* 614 F.Supp. 172, 173 (D.Conn.1985). However, state contribution among responsible persons under § 6672 may not hinder the Government's tax collection effort; the state action must be entirely separate from that brought by the IRS. Furthermore, it is up to each state, individually, to determine whether to offer such relief. Some states, focusing on the equities, allow indemnification and contribution. *See Swift v. Levesque,* 614 F.Supp. 172, 176 (D.Conn.1985) (citation omitted) ("Connecticut is among those states that have found that the doctrine of contribution, where applicable, is 'founded on the equitable principle that where one has been compelled to pay money which the other was equally bound to pay and has thus discharged the common burden, the latter, who has also secured the benefit, should in good conscience refund his own proportion of the obligation.'"); *Schoot v. United States,* 664 F.Supp. 293, 297–98 (N.D.Ill.1987) ("the purpose of the section 6672 penalty is not to punish, but really to insure the payment of ... the taxes due the government.... Therefore, we do not find that someone who is found liable for the 100% penalty should also be precluded from asserting state law remedies."). Other states concentrate on the penal aspect of § 6672 and do not allow for contribution or indemnification. *See Rebelle v. United States,* 588 F.Supp. 49, 51–52 (M.D.La.1984) ("The penal nature of this statute would be reduced, if not entirely defeated, by allowing a person found to be a 'responsible person' to share the burden or cost of this assessment.... [W]hen a person *willfully* acts and has a penalty assessed pursuant to section 6672, that person should

not and must not have that liability for the penalty shared or placed wholly on another because of some contractual or fiduciary duty.").

An extremely helpful case regarding subject matter jurisdiction and federal preemption is *Hudson Insurance Co. v. American Electric Corp.,* 957 F.2d 826 (11th Cir.1992). *Hudson* dealt with federal environmental protection law, however its reasoning and analysis readily apply to the instant case as federal environmental protection law preempts state law as pervasively as does federal tax law. In *Hudson* the plaintiff sought a declaratory judgment that its insurance policy did not provide coverage for CERCLA-imposed pollution liability. The plaintiff alleged jurisdiction based on the Declaratory Judgment Act and CERCLA (Comprehensive Environmental Response Compensation and Liability Act of 1980). The Eleventh Circuit stated that section 1331 does not grant jurisdiction because the underlying action, insurance contract interpretation, arises under state law. Further, the court held that the federal CERCLA issues were merely potential defenses to a state law created cause of action and that "[t]hese possible federal defenses are insufficient to confer jurisdiction under Section 1331." *Id.* at 828. Similarly, in the instant suit, the underlying cause of action concerns state law interpretation of the enforceability of a contract arbitration clause. The extent the Internal Revenue Code allows for contribution or indemnification among "responsible persons" is a federal defense which, alone, is insufficient to confer jurisdiction under 28 U.S.C. § 1331.

*Hudson* then examined whether other circumstances exist where a state cause of action would nevertheless arise under federal law and, in doing so, laid out three possible scenarios. "First, when a prospective plaintiff's right to state-created relief necessarily requires an interpretation of a substantial federal issue, his claim for such relief might arise under federal law within the meaning of Section 1331." *Id.* at 829. The Court finds that enforcement of the arbitration clause does not require an interpretation of a substantial federal issue. As explained above,

federal law does not provide a right to contribution or indemnification for section 6672 assessments. However, individual states may provide such remedies apart and separate from the IRS's collection effort. Whether Florida will allow a right of contribution among "responsible persons" is a decision wholly independent of federal law. Consequently, this suit does not require an interpretation of a substantial federal issue and there is no federal jurisdiction on this basis.

"Second, if a prospective plaintiff's right to state-created relief is paralleled by a substantially similar federal cause of action with sufficient preemptive force, her claim for such relief might also arise under federal law within the meaning of Section 1331." *Id.* Here, clearly, there is no parallel federal cause of action for indemnification or contribution under section 6672.

"Finally, regardless of Section 1331, Congress may ... provide (in a separate jurisdictional statute) that certain state causes of action are nevertheless cognizable in federal court." *Id.* Regarding section 6672 tax assessments, there is no separate federal jurisdictional statute. Consequently, it is

ADJUDGED that 28 U.S.C. § 1331 does not confer jurisdiction over this lawsuit because the underlying cause of action, the enforceability of an arbitration clause allowing indemnification of a tax assessment, arises under state law. Therefore, this Court lacks subject matter jurisdiction and it is

ADJUDGED that this Cause is hereby DISMISSED with prejudice, with each party bearing its own fees and costs. Fed.R.Civ.P. 41(a)(1)(i). Further, any pending motions are hereby DENIED as MOOT with leave to renew if appropriate.

FURTHER it is ADJUDGED that United States Magistrate Judge Garber's Report and Recommendation is AFFIRMED for the reasons stated in this order.

DONE AND ORDERED.