1996 SD 133

**Richard H. PLATO, Plaintiff and Appellant,**

v.

**STATE BANK OF ALCESTER and Roger McKellips, Defendants and Appellees.**

No. 19580.

Supreme Court of South Dakota.

Argued Sept. 12, 1996.

Decided Nov. 6, 1996.

Acie W. Matthews of Pruitt, Matthews & Jorgensen, Sioux Falls, for plaintiff and appellant.

Mark W. Haigh, Melissa C. Hinton of Davenport, Evans, Hurwitz & Smith, Sioux Falls, for defendants and appellees.

KONENKAMP, Justice.

[¶ 1] Having no right to obtain contribution or indemnity under federal law for an IRS

penalty he paid, Richard H. Plato, Sr., seeks such opportunity in state court. We conclude our public policy bars such claims and affirm the circuit court's grant of summary judgment.

## FACTS

[¶ 2] Dakota Industries, Inc., failed to pay all required payroll taxes from 1977 to 1980. Consequently, the IRS directed the company to open a special account at the State Bank of Alcester for periodic deposit of these funds. In 1982, Dakota Industries went bankrupt, still owing $167,000 in taxes. Accordingly, the IRS brought an action under 26 USC § 6672 against Plato and another corporate officer. After paying $45,000 in settlement, Plato sought indemnification and contribution, averring the Bank and Roger McKellips, the Bank's president, wrongfully diverted part of the funds deposited, which were held in trust solely to pay taxes. The circuit court granted summary judgment for defendants, and Plato appeals. He offers four issues, but we consider the following question dispositive: Will South Dakota allow contribution or indemnity for § 6672 tax penalties?

## DISCUSSION

[¶ 3] Summary judgment is proper only when the moving party shows such relief is merited as a matter of law because there is no genuine issue of material fact. *First Western Bank v. Livestock Yards,* 444 N.W.2d 387 (S.D.1989); *Caneva v. Miners and Merchants Bank,* 335 N.W.2d 339 (S.D. 1983). The burden of clearly showing that no genuine fact issue exists is on the moving party. *Klatt v. Continental Ins. Co.,* 409 N.W.2d 366 (S.D.1987). Relevant facts and all reasonable inferences must be viewed in a light most favorable to the nonmoving party. *Wilson v. Great Northern Ry. Co.,* 83 S.D. 207, 157 N.W.2d 19 (1968). On the other hand, once a motion is supported as provided in § 15–6–56, a nonmoving party may not rest on mere allegations or denials in pleadings, but must respond by "affidavits or as otherwise provided in § 15–6–56," setting forth specific facts showing the existence of genuine issues for trial. SDCL 15–6–56(e);

*Baatz v. Arrow Bar,* 452 N.W.2d 138 (S.D. 1990). If any legal basis to support the court's ruling appears, we must affirm. *De Smet Insurance Co. v. Gibson,* 1996 SD 102, ¶ 5, 552 N.W.2d 98; *Lee v. Rapid City Area School Dist.,* 526 N.W.2d 738, 742 (S.D.1995). With our standard of review in mind, we turn to the issue at hand.

[¶ 4] Based on his theories of conversion, breach of trust and intermeddling in corporate financial affairs, Plato asserts he should be able to seek contribution or indemnity against the Bank and McKellips for the federal tax penalties assessed against him. When a corporation fails to pay its federal employment taxes, the IRS may seek payment from persons connected to the company who are responsible for collecting, accounting for, and paying them.

> Any person required to collect, truthfully account for, and pay over any tax imposed by this title who *willfully* fails to collect such tax, or truthfully account for and ·pay over such tax, or *willfully* attempts in any manner to evade or defeat any such tax or the payment thereof, shall ... be liable to a *penalty* equal to the total amount of tax evaded or not collected....

26 USC § 6672(a)(emphasis added). "[E]ach responsible person is liable for a penalty equal to the total amount of the withholding tax not paid," making each jointly and severally responsible. *Hartman v. United States,* 538 F.2d 1336, 1340 (8th Cir.1976). Persons chargeable under § 6672 have no federal common law or statutory right to seek contribution or indemnity. *Sinder v. United States,* 655 F.2d 729, 732 (6th Cir.1981); *Marine Bank of Champaign–Urbana v. United States,* 739 F.Supp. 1257, 1258–59 (C.D.Ill. 1990); *see generally Halcyon Lines v. Haenn Ship Ceiling and Refitting Corp.,* 342 U.S. 282, 72 S.Ct. 277, 96 L.Ed. 318 (1952). The rationale for disallowing crossclaims for contribution and indemnity in IRS-instituted § 6672 proceedings is that they would complicate and impede collection efforts. *Schoot v. United States,* 664 F.Supp. 293, 297 (N.D.Ill.1987); *Swift v. Levesque,* 614 F.Supp. 172, 177 (D.C.Conn.1985); *Moats v. United States,* 564 F.Supp. 1330, 1341–42

(W.D.Mo.1983). In sum, federal law categorically bans these crossclaims under § 6672.[1]

■ [¶ 5] Whether contribution or indemnity may be sought in South Dakota for a statutory penalty, specifically a federal penalty, broaches a novel issue.[2] Certainly, § 6672 neither explicitly nor implicitly grants a state law outlet for these claims. *Marine Bank,* 739 F.Supp. at 1258–59. "If Congress intended for state law to provide a right to contribution, it could have included a section which allows state law remedies to fill gaps left by the federal law as it did in 42 USC § 1983 for federal civil rights actions." *Conley v. United States,* 773 F.Supp. 1176, 1177 (S.D.Ind.1991); *see* 42 USC § 1988. In the absence of federal statutory authority, will South Dakota on its own indulge these claims? As one federal district court acknowledged, "it is up to each state, individually, to determine whether to offer such relief." *Laub v. Ross,* 818 F.Supp. 340, 342 (S.D.Fla.1993); *aff'd,* 25 F.3d 1061 (11th Cir. 1994).

[¶ 6] Plato maintains he has a cause of action against the Bank and McKellips under SDCL 20–1–6, which provides:

[a] party to a joint, or joint and several, obligation, who satisfies more than his share of the claim against all, may require a proportionate contribution from all the parties joined with him.

*See also* SDCL 15–8–12 ("The right of contribution exists among joint tortfeasors."). Some federal courts have ruled state law will allow such claims. In *Swift,* a federal district court held that Connecticut state courts would most likely allow a contribution action to be brought for a § 6672 penalty. *Laub,* 818 F.Supp. at 342; *Swift,* 614 F.Supp. at 177; *accord Schoot,* 664 F.Supp. at 298 (a person held liable under § 6672 should not be prevented from asserting state remedies).

■ [¶ 7] On the contrary, we believe it would be against public policy for persons assessed liability under § 6672 to be able to shift responsibility under South Dakota law. As one court aptly explained, "[a] 'responsible person's' resolve to willfully fail to collect such taxes may be weakened when faced with the possibility of bearing all of the 100% penalty than it would be if there was a right to spread and diversify this burden or risk among the group...." *Rebelle v. United States,* 588 F.Supp. 49, 51 (M.D.La.1984). Further, the court noted:

[There are] sound public policy reasons against allowing a right of contribution or indemnity to someone who has willfully, consciously, and intentionally acted.... The high penalty, and the omission by Congress of such a statutory right of contribution or indemnity, are intended to deter such willful conduct.

*Id.* at 52. *Accord Wynne v. Fischer,* 809 S.W.2d 264 (Tex.Ct.App. 1991); *see also Conley,* 773 F.Supp. at 1177 (persons facing potential liability of twice tax due without opportunity to spread penalty more likely to take active interest in ensuring withholding taxes are paid).

[¶ 8] Assessments under § 6672 constitute a penalty.[3] *United States v. Amerson,* 808

---

1. As part of the Taxpayer Bill of Rights 2, Congress amended § 6672 to allow a right of contribution so long as the claim is neither joined or consolidated with an action brought by the United States nor a proceeding in which the United States files a counterclaim or third-party complaint for the collection of such penalty. Public Law 104–168, Sec. 903. However, this amendment applies only to penalties assessed after the date of enactment, July 30, 1996. Plato's penalties were assessed in 1988, so the amendment is inapplicable to this case.

2. Indemnity is an "all-or-nothing" proposition in South Dakota. *Highway Constr. Co. v. Moses,* 483 F.2d 812, 817 (8th Cir.1973). To be entitled to it, Plato would have had to show "a proportionate absence of contributing negligence," *De-*

gen *v. Bayman,* 86 S.D. 598, 604, 200 N.W.2d 134, 137 (1972) and shift the entire burden to the Bank and McKellips.

3. Plato contends his "settlement" with the IRS should not be admissible against him to label his actions "willful" under § 6672, because compromise offers and settlements are generally inadmissible. SDCL 19–12–10 (Rule 408). In contribution actions, "a compromiser must sustain the burden of proof, not only as to the compromiser's own liability to the original plaintiff, but also as to the amount of damages and the reasonableness of the settlement." W.Page Keeton et al., Prosser and Keeton on The Law of Torts § 50 at 339 (5th Ed. 1984)(footnote omitted). Plato could not be liable under § 6672 unless he "willfully" failed to collect and pay the tax.

F.Supp. 695, 696 (W.D.Mo.1992)(§ 6672 penal in nature); *Conley,* 773 F.Supp. at 1177; *Rebelle,* 588 F.Supp. at 51; *contra Schoot,* 664 F.Supp. at 297 (holding § 6672 is merely collection device). Nothing in South Dakota jurisprudence intimates our courts ought to be serviceable in deflecting the payment of penalties imposed by federal law. *DiBenedetto v. United States,* 75–1 TC 9503, 1974 WL 791 (D.R.I. 1974)("[T]he Government's right to assess a penalty under § 6672 is a federal created right and, as such, any right of contribution thereunder must be controlled by federal substantive law."). Public policy forbids imposing shared liability for a penalty or shifting such liability entirely on another through contribution and indemnity.

[¶ 9] Affirmed.

[¶ 10] MILLER, C.J., and SABERS, AMUNDSON and GILBERTSON, JJ., concur.

