(73 App. Div. 486.)

### MULLIGAN v. BALLON.

(Supreme Court, Appellate Division, First Department. June 20, 1902.)

MASTER AND SERVANT—NEGLIGENCE OF FELLOW SERVANTS.

Plaintiff's decedent was placing ties on a car as they were unloaded from a boat by means of a derrick. When a derrick load was raised above the boat, it was stayed by a guy rope held or fastened by a fellow servant until decedent was ready to receive the load, when the rope would be slacked, and the load would swing over on the car. *Held*, that the plaintiff could not recover for the failure of the servant in charge of the guy rope to hold or fasten it, so that decedent was killed by the swinging of a load which he did not expect,—there being no evidence of defective appliances or negligence in employing fellow servants,—and a nonsuit was properly granted.

Hatch, J., dissenting.

Appeal from trial term, New York county.

Action by James A. Mulligan, administrator, against John Ballon. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before PATTERSON, INGRAHAM, McLAUGHLIN, HATCH, and LAUGHLIN, JJ.

George H. Hart, for appellant.
Carl S. Petrasch, for respondent.

McLAUGHLIN, J.   Action to recover damages for the death of plaintiff's intestate, alleged to have been caused by the negligence of the defendant.   The facts, so far as the same are material to the questions presented, are as follows:   On the 30th of January, 1900, plaintiff's intestate, James Mulligan, was in the employ of the defendant, and, with others, was engaged in taking railroad ties from the hold of a boat, and placing the same upon a railroad car which was placed alongside the boat.   The ties were taken from the boat to the car by an appliance resembling a derrick, which consisted partly of the mast, boom, and gaff of the boat, to which were attached pulleys through which ran a cable, one end of which was attached to a drum operated by a stationary engine.   The other end of the cable would, as required, be lowered into the hold of the boat, and, after several of the ties had been secured, the same would, at a given signal, be raised until the deck of the boat was cleared, and then, at another signal, they would be swung over the car, and there placed as desired.   The appliance was so arranged that, after the ties had cleared the deck of the boat, the same would, of their own motion, swing over the car.   To prevent this, until such time as the signal should be given, a guy rope had been provided, which was either held by a person having that work in charge, or else fastened to pins in the side of the boat, placed there for that purpose.   When the persons on the car were ready to receive the ties, they would give a signal, which was, "Slack away your guy," and thereupon the person having the guy rope in charge would let up on it.   On the day in question the intestate, with another servant, was at work on the car, receiving the ties as they were hoisted from the boat.   Another servant, by the name of McKennan, was stationed on the boat, and one of his duties was to look after the guy rope.   Immediately prior to the accident a load of ties had been raised and placed upon the car, and, while the intestate and his fellow workman were engaged in there placing them, another load was raised; and, after the same had cleared the boat, McKennan either having neglected to secure the guy rope, or else having carelessly let go of it, the ties swung over the car, struck the intestate, and injured him in such a way that he died shortly thereafter.

The trial court held that the proof of these facts did not establish a cause of action against the defendant and dismissed the complaint, and, in doing so, we think he was right.   The proof did not establish negligence on the part of the defendant.   The evidence is uncontradicted to the effect that the appliance provided for taking the ties out of the boat, and thereafter controlling them, was the usual one adopted for that purpose.   It was in working order.   Nothing was broken or out of repair.   Nor was there any evidence showing or tending to show that the defendant had failed to employ competent co-servants, or a sufficient number of them to do the work.   The cause of the accident is apparent.   McKennan, whose duty it was to tend the guy rope, either insecurely fastened it, or else inadvertently or intentionally loosened it before the signal had been given to do so.   The intestate's death was due solely to the negligence of McKennan.   But McKennan was a co-servant of the

intestate, and his negligence did not subject the defendant to a liability. The trial court therefore could not do otherwise than dismiss the complaint.

The judgment appealed from is right, and must be affirmed, with costs.

INGRAHAM, J., concurs. PATTERSON and LAUGHLIN, JJ., concur in result. HATCH, J., dissents.