Argued and submitted October 21, affirmed December 26, 1985, reconsideration
denied February 14, petition for review denied April 22, 1986 (301 Or 76)

## TRANSAMERICA INSURANCE CO.,
*Respondent,*

*v.*

## SUNNES et al,
*Appellants,*

## ST. PAUL FIRE AND MARINE INSURANCE COMPANY et al,
*Respondents.*

### (A8205-03106; CA A34045)

711 P2d 212

Robert J. Miller, Sr., Beaverton, argued the cause for appellants. With him on the brief were Brien F. Hildebrand and Moomaw, Miller & Reel, Beaverton.

William Savino, Portland, argued the cause for respondents. With him on the brief were Cynthia S. C. Shanahan and Schwabe, Williamson, Wyatt, Moore & Roberts, Portland, and Rivkin, Leff, Sherman & Radler, New York.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Plaintiff commenced this declaratory judgment action to determine whether it and the other defendant insurers had a duty to defend and pay a judgment against their insureds, Culligan and the individual defendants (referred to collectively as "Culligan"), in an action brought by the City of Hillsboro. The defendant insurers filed cross-claims against Culligan, also contesting coverage under their identical policies. The action was submitted to the court on the parties' stipulation of facts, and the trial court held that the policies exclude coverage for the city's claims against Culligan. Culligan appeals that ruling.

Culligan operates a water deionization and softening business which, since 1971, has used acids and caustics to recharge and regenerate customers' water softening equipment. Culligan accumulates acid and caustic wastes in one 1,200-gallon holding tank. When the tank is filled to a certain level, Culligan discharges the wastes directly into the city's sewer lines.

In 1981, the city discovered that a portion of its underground concrete sewage disposal system had been damaged by pollutants released from Culligan's plant. The city commenced an action against Culligan for damages caused by the waste it had discharged. Culligan promptly notified its insurers of the claim. They refused to defend, relying on an exclusion in the policies for damages which arise out of the insured's discharge of pollutants. Culligan settled with the city and demanded that the insurers pay the judgment, which they refused to do. Plaintiff then initiated this action to determine the issue of coverage.

The insurance policies provide:

"The Company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of property damage to which this insurance applies, caused by an occurrence * * *."

The policies define "occurrence" as:

"* * * an accident, including continuous or repeated exposure to conditions which results in bodily injury or property damage neither expected nor intended from the standpoint of the insured."

The exclusionary clause on which the insurers relied reads:

"This insurance does not apply:

"* * * * *

"to bodily injury or property damage arising out of the discharge, dispersal, release or escape of smoke, vapors, soot, fumes, acids, alkalis, toxic chemicals, liquids or gases, waste materials or other irritants, contaminants or pollutants into or upon land, the atmosphere or any watercourse or body of water; but this exclusion does not apply if such discharge, dispersal, release or escape is sudden and accidental."

The policies exclude coverage for property damage arising out of the discharge of acids, alkalis, toxic chemicals and waste materials into any watercourse, unless such discharge is "sudden and accidental." The parties stipulated to the following facts, among others:

"1.  The insured intended to discharge the materials discharged, which would include the pollutants.

"2.  The damage to the City of Hillsboro's sewage system was unintended by the insured."

The trial court held that the damage to the sewer pipe was an "occurrence," because the damage was accidental and not intended by Culligan. The court also held that Culligan's release of the waste material into the sewage system was within the pollution exclusion clause, because the discharge was not "sudden and accidental," and therefore the policies did not cover the damage.

■    Culligan first argues that the policy exclusion is ambiguous, relying on *A-1 Sandblasting v. Baiden,* 53 Or App 890, 632 P2d 1377 (1981), *aff'd* 293 Or 17, 643 P2d 1260 (1982). In *A-1 Sandblasting,* we held that the term "liquid" in the pollution exclusion clause did not clearly apply to paint accidentally dispersed while the plaintiff was painting a bridge. Finding that interpretation of the contract presented a question of fact, we reversed a summary judgment. The pollution exclusion clause is not ambiguous in the context of this case. Culligan released acids and alkalis which are specifically listed in the clause.

■    The final issue is whether Culligan's discharge of the waste material was "sudden and accidental" to take it out of

the exclusion clause. Culligan argues that, although the discharge was intentional, because the damage was unintended the discharge was "sudden and accidental." Culligan misreads and confuses the policy provisions. The fact that the *damage* was not intended means that there was an "occurrence" within the policy definition. That fact has nothing to do with whether the *discharge* was "sudden and accidental" for the purpose of applying the exception to the exclusion. The trial court correctly ruled that, because Culligan intentionally discharged waste materials regularly over a period of many years, the discharge was not "sudden and accidental" and so the exception did not apply.

Culligan cites several cases from other jurisdictions for the proposition that where the *damage* is unintended, the exception for "sudden and accidental" discharge, dispersal or escape applies. *See Jackson Tp., Etc. v. Hartford Acc. & Indem.*, 186 NJ Super 156, 451 A2d 990 (1982), and cases cited therein. As we read those cases, they deal with situations in which the permeation, dispersal or discharge was unintended and are not persuasive in the resolution of the instant case. For example, in *United Pacific Ins. v. Van's Westlake Union*, 34 Wash App 708, 664 P2d 1262 (1983), the insured was sued because gasoline had leaked out of a small hole in an underground pipe. The court held that the pollution exclusion did not apply, because the insured was not an "active polluter," *i.e.*, the leak was not intended.

More on point is *City of Milwaukee v. Allied Smelting Corp.*, 117 Wis 2d 377, 344 NW2d 523 (Wis App 1983). The plaintiffs claimed that Allied had discharged acid into their sewer systems over a period of time, thereby damaging the systems. Allied's insurer moved for summary judgment as to its liability, claiming that the exclusionary clause in its policy, which is identical to the one in the instant case, excluded coverage for that intentional discharge. The court held that Allied's polluting activities were within the language of the exclusionary clause and that, because the discharges occurred over a period of two to ten years, they were not "sudden and accidental." *See also American States Ins. Co. v. Maryland Cas. Co.*, 587 F Supp 1549 (E.D. Mich. 1984).

The trial court here followed the practice in other jurisdictions by declaring that, because Culligan was an

"active polluter," the pollution clause excluded coverage. The phrase is not found in the policy and does not assist analysis. The sense of the cases is that the pollution exclusion clause is designed to exclude coverage for occurrences in which pollutants are intentionally discharged, whether or not they are believed to be deleterious, while the exception provides coverage when the discharge of pollutants is not intended by the insured. The exception to the exclusion clause is concerned only with whether the discharge or release of pollutants is accidental or intended and not with whether the resulting damage was also intended. Culligan clearly intended to discharge the pollutants, and its liability is therefore not covered by the insurance policies.

Affirmed.