Henry H. CLAUSSEN,
Plaintiff–Appellant,

v.

The AETNA CASUALTY & SURETY
COMPANY, and Federal Insurance
Company, Defendants–Appellees.

No. 87–8972.

United States Court of Appeals,
Eleventh Circuit.

Feb. 16, 1989.

David E. Hudson, Augusta, Ga., for
Claussen.

James A. Eichelberger, Neely & Player,
Linda B. Foster, Atlanta, Ga., for Aetna
Cas. & Sur. Co.

Thomas W. Tucker, Dye, Miller, Tucker
& Everitt, PA, Augusta, Ga., for Federal.

Laura Anne Foggan, Wiley, Rein &
Fielding, Kirk J. Nahra, Thomas W. Brunner, William F. Greaney, Covington & Burling, Washington, D.C., for amicus.

Before RONEY, Chief Judge,
HATCHETT, Circuit Judge, and
HENDERSON, Senior Circuit Judge.

PER CURIAM:

This appeal presents important issues of Georgia law concerning liability insurance coverage when hazardous waste accumulation impacts environmental concerns, for which there is no clear precedent in the decisions of the courts of Georgia. Because this case involves interpretation of an insurance contract provision, peculiarly a question of state law, and because similar provisions have received varied interpretations in other jurisdictions throughout the country, we believe that the issue is one appropriate for resolution by the Supreme Court of Georgia. We therefore certify the question to the Supreme Court of Georgia pursuant to Ga. Const. art. VI, § 6, para. 4, Ga.Code Ann. § 15–2–9, and Rule 37 of the Georgia Supreme Court.

CERTIFICATION FROM THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT TO THE SUPREME COURT OF GEORGIA PURSUANT TO ARTICLE VI SECTION VI PARAGRAPH IV OF THE GEORGIA CONSTITUTION.

TO THE SUPREME COURT OF GEORGIA AND THE HONORABLE JUSTICES OF THAT COURT:

I. *Style of the Case*

The style of the case in which this certificate is made is as follows: Henry H. Claussen, Plaintiff–Appellant, versus The Aetna

Casualty & Surety Company, and Federal Insurance Company, Defendants–Appellees, Case No. 87–8972, filed in the United States Court of Appeals for the Eleventh Circuit, on appeal from the United States District Court for the Southern District of Georgia.

## II. *Statement of the Facts*

Henry H. Claussen filed suit in the Superior Court of Richmond County, Georgia, against Aetna Casualty & Surety Company and Federal Insurance Company. Defendants removed the case to federal court. This suit sought a declaratory judgment that Aetna and Federal were obligated to provide Claussen with a defense and coverage under Comprehensive General Liability (CGL) policies of insurance for the costs incurred and to be incurred in connection with the Environmental Protection Agency's (EPA) demand that Claussen and others conduct an investigation and prepare and implement a plan for eliminating environmental concerns created by the existence of hazardous waste materials on Claussen's Florida property.

P & S Securities, a Georgia company and one of which Claussen was the principal stockholder, had acquired approximately 52 acres of land northwest of Jacksonville, Florida. In 1968, P & S granted the City of Jacksonville the right to use the property as a landfill. Ownership of the property was transferred to Claussen in 1972 after P & S was dissolved that year. In 1983, the property was assigned to Jax 51, Inc., a corporation of which Claussen owns all shares. The City allowed the property to be used to dispose of waste material, including hazardous chemical and industrial waste. Claussen did not know that toxic wastes were being deposited at the site. The site was closed to all waste disposal in 1977, and returned to Claussen in 1978, completely filled, graded and seeded. In 1982 the EPA, acting pursuant to Sections 106 and 107 of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 (CERCLA), 42 U.S.C.A. §§ 9606, 9607, notified Claussen that it was investigating the release of hazardous wastes at the site, identifying him and others as potentially responsible parties. By 1985, EPA had determined that groundwater beneath the site had been contaminated by toxic substances. Shortly thereafter, EPA required Claussen and the other potentially responsible parties to take corrective action to contain the release and threatened release of hazardous materials at the site.

Claussen was insured from 1973 to 1985 under CGL insurance policies issued by Aetna. Language in policies included the following:

> The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of property damage to which this insurance policy applies, caused by an occurrence, and the company shall have the right and duty to defend any suit against the insured seeking damages on account of such ... property damage, even if any of the allegations of the suit are groundless, false or fraudulent, ....

The policies define certain relevant terms as follows:

> *"Occurrence"* means an accident, including continuous or repeated exposure to conditions, which result in bodily injury or property damage neither expected nor intended from the standpoint of the insured;
>
> *"Property damage"* means physical injury to or destruction of tangible property which occurs during the policy period,....

The policies also contain various exclusions, including Exclusion (f), which is commonly referred to as the "Pollution Exclusion." This clause excludes coverage for pollution-related property damage unless the discharge of pollutants is the result of a sudden and accidental release. Exclusion (f) reads as follows:

> [This insurance does not apply] to bodily injury or property damage arising out of the discharge, dispersal, release or escape of smoke, vapors, soot, fumes, acid, alkalis, toxic chemicals, liquids or gases, waste materials or other irritants,

contaminants or pollutants into or upon land, the atmosphere or any water course or body of water, but this exclusion does not apply if such discharge, dispersal, release or escape is sudden and accidental.

Despite notice to them, Aetna declined to defend Claussen in the ongoing EPA administrative proceedings or to reimburse him for the sums he is obligated to pay pursuant to the cleanup of the site.

All parties filed motions for summary judgment in the district court. On August 11, 1987, the court granted Aetna's motion, and denied those of Claussen and Federal. The court held that the pollution exclusion was not ambiguous and that the word "sudden" should be given a temporal meaning. The court further held as a matter of law that since the pollution at the site occurred over a period of years, it could not be considered "sudden," and it was therefore excluded under the pollution exclusion.

### III.  Reasons for Certification

This case involves the proper interpretation under Georgia law of the pollution exclusion clause contained in the CGL policies issued and drafted by Aetna.

Claussen has appealed, asserting that the standard-form "pollution exclusion" clause is ambiguous and should be construed in favor of coverage under established principles of policy construction in Georgia. The brief of amici curiae American Petroleum Institute, Chemical Manufacturers Association, International Business Machines Corporation, Monsanto Company and Olin Corporation supports this position. Aetna, along with amicus curiae Insurance Environmental Litigation Association, urge affirmance of the district court's interpretation.

Both views are supported by substantial caselaw from jurisdictions throughout the country, evidencing that the issue is one of significant importance that should be decided by the state courts. Since there is diversity jurisdiction in these cases, the federal courts apply state law.

Cases in which a defense and coverage were found to arise include: New Castle County v. Hartford Accident & Indem. Co., 673 F.Supp. 1359 (D.Del.1987); Pepper's Steel & Alloys, Inc. v. United States Fidelity & Guar. Co., 668 F.Supp. 1541 (S.D.Fla.1987); Fireman's Fund Ins. Co. v. Ex–Cell–O Corp., 662 F.Supp. 71 (E.D. Mich.1987); National Grange Mut. Ins. Co. v. Continental Casualty Ins. Co., 650 F.Supp. 1404 (S.D.N.Y.1986); Payne v. United States Fidelity & Guar. Co., 625 F.Supp. 1189 (S.D.Fla.1985); Buckeye Union Ins. Co. v. Liberty Solvents & Chem. Co., 17 Ohio App.3d 127, 477 N.E.2d 1227 (1984); United Pac. Ins. Co. v. Van's Westlake Union, Inc., 34 Wash.App. 708, 664 P.2d 1262 (1983); Jackson Township v. Hartford Accident & Indem. Co., 186 N.J. Super. 156, 451 A.2d 990 (1982); Allstate Ins. Co. v. Klock Oil Co., 73 A.D. 486, 426 N.Y.S.2d 603 (N.Y.App.1980).

Cases in which a defense and coverage were found not to arise include: United States Fidelity & Guar. Co. v. Star Fire Coals, Inc., 856 F.2d 31 (6th Cir.1988); Great Lakes Container Corp. v. National Union Fire Ins. Co., 727 F.2d 30 (1st Cir. 1984); American Motorists Ins. Co. v. General Host Corp., 667 F.Supp. 1423 (D.Kan.1987); Fischer & Porter Co. v. Liberty Mut. Ins. Co., 656 F.Supp. 132 (E.D. Pa.1986); American States Ins. Co. v. Maryland Casualty Co., 587 F.Supp. 1549 (E.D.Mich.1984); Waste Management of Carolinas, Inc. v. Peerless Ins. Co., 315 N.C. 688, 340 S.E.2d 374 (1986); Transamerica Ins. Co. v. Sunnes, 77 Or.App. 136, 711 P.2d 212 (1985), rev. denied, 301 Or. 76, 717 P.2d 631 (1986); Techalloy Co. v. Reliance Ins. Co., 338 Pa.Super. 1, 487 A.2d 820 (1984); City of Milwaukee v. Allied Smelting Corp., 117 Wis.2d 377, 344 N.W.2d 523 (Wisc.Ct.App.1983).

### IV.  Question to be Certified to the Georgia Supreme Court

Whether, as a matter of law, the pollution exclusion clause contained in the comprehensive general liability insurance policy precludes coverage to its insured for liability for the environmental contamina-

tion caused by the discharge of pollutants at the site over an extended period of time?

To put it another way, does the insurance policy in this case require the insurance company to provide a defense and coverage to the insured for liability for the discharge of pollutants from a landfill over an extended period of time?

Our statement of the question is not designed to limit the inquiry of the Georgia Supreme Court. The particular phrasing used in the certified question does not restrict the Supreme Court's consideration of the problems involved and the issues as the Supreme Court perceives them to be in its analysis of the record certified in this case. This latitude extends to the Supreme Court's restatement of the issue or issues and the manner in which the answers are to be given, whether as a comprehensive whole or in subordinate or even contingent parts. *Wood v. New York Life Ins. Co.,* 758 F.2d 1459, 1462 (11th Cir.1985).

The entire record in the case, together with copies of the briefs of the parties, is transmitted herewith.

QUESTION CERTIFIED.