**HUDSON INSURANCE COMPANY, a Delaware Corporation, Plaintiff,**

v.

**DOUBLE D MANAGEMENT COMPANY, INC., a Florida corporation, Double D Properties, Inc., a Florida corporation, and Constitution State Insurance Company, a Connecticut corporation, Defendants.**

No. 89–1631–CIV–T–17B.

United States District Court,
M.D. Florida,
Tampa Division.

June 28, 1991.

See also 768 F.Supp. 1542.

---

Steven C. Davis, Jonathan L. Alpert, Peter J. Grilli, Wendy England, Alpert, Josey & Grilli, P.A., Tampa, Fla., for Hudson Ins. Co.

Robert F. Nunez, St. Petersburg, Fla., mediator.

Katherine S. Dedrick, Jeffrey A. Siderius, John E. Herndon, Ronald L. Kammer, Hinshaw & Culbertson, Miami, Fla., for Constitution State Ins.

Arnold L. Berman, West Palm Beach, Fla., for Double D Management Co. and Double D Properties.

## ORDER ON MOTION FOR SUMMARY JUDGMENT

KOVACHEVICH, District Judge.

This cause is before the Court pursuant to Count I of Plaintiff's complaint. Before the Court are motions for summary judgment to determine whether state or federal law governs the interpretation of insurance contracts governing 42 U.S.C. § 9601 *et seq.*, CERCLA insurance risks. The Court has considered the motions for summary judgment, memoranda in support, and responses thereto. The Court denies the motion for summary judgment of Double D Management Company, Inc. and Double D Properties, Inc. (collectively "Double D"), and grants the motion of Constitution State for summary judgment. For all the reasons stated herein, Plaintiff's contractual duties under Hudson's insurance policies are governed by state law, not CERCLA or any other federal law.

## I. JURISDICTION AND VENUE

This Court has subject matter jurisdiction to resolve the controversy. A federal question is presented under 28 U.S.C. § 1331, and declaratory judgment is proper pursuant to 28 U.S.C. § 2201 and Rule 57, Fed.R.Civ.P.

Venue is proper in this Court pursuant to 28 U.S.C. § 1392(a), as this is the District in which Plaintiff and Defendant Constitution State transact business.

## II. UNDISPUTED FACTS

Double D manages agricultural land in Palm Beach County, Florida. Juan Montalvo and his related entities ("The Montalvo Group") sprayed from the air various pesticides, herbicides, and insecticides (collectively "pesticides") on various agricultural lands, including land managed by Double D. The Montalvo Group spilled pesticides at the Montalvo Group's airstrip. This caused damage to nearby property. Owners of the damaged property sued The Montalvo Group seeking money damages for the costs of investigation and cleanup of the lands damaged by the spilled pesticides in *South Florida Water Management District and New Farm, Inc. v. Juan Montalvo*, Case No. 88–8038–Civ–T–Davis, in the Southern District of Florida (the "underlying action"). The District Court found that Defendants in that lawsuit, Montalvo, Chemspray, Chemairspray and Glades Formulating Corp. liable under CERCLA for the majority of the costs in-

curred in the assessment and cleanup of the property damaged in Palm Beach County, Florida, known as the "Chemairspray site." Subsequently, the Montalvo Group filed an Amended Third–Party Complaint against Double D and other Defendants seeking "cost, recovery, contribution and declaratory relief necessary to allow the investigation and cleanup" of the Chemairspray site.

The Third Party Complaint alleged Double D to be jointly and severally liable for response costs incurred for the Chemairspray site under CERCLA because Double D had hired the Defendants/Third Party Plaintiffs (Montalvo, et al.) to perform chemical application services to land managed by Double D. Double D notified Constitution State Insurance Company ("Constitution") and Hudson Insurance Company ("Hudson") of the Montalvo Group's third party action and requested defense and coverage from Constitution and Hudson pursuant to Constitution's comprehensive general liability policies and Hudson's umbrella comprehensive general liability policies issued to Double D. Both Constitution and Hudson refused to provide either defense or coverage. Hudson then initiated this two-county action seeking a declaratory judgment regarding its duty to defend and to provide coverage under the policies.

## III. DISCUSSION

The central issue raised in both parties' motions for summary judgment is the jurisdiction of this Court. Plaintiff asserts in Count I of this action and in its motion for summary judgment that federal common law and CERCLA preempt state law governing the construction and interpretation of insurance contracts alleged to cover CERCLA risks. Defendant argues that Eleventh Circuit precedent and CERCLA's plain language establish that state law governs the interpretation and application of insurance policies in such cases.

Defendant argues that *Claussen v. Aetna Casualty & Surety Co.*, 865 F.2d 1217 (11th Cir.1989), controls this case. In *Claussen*, the insured filed a declaratory judgment action in Georgia state court seeking a ruling that its comprehensive general liability ("CGL") insurance policy covered the costs assessed against it in a CERCLA action. The case was removed to the Southern District of Georgia, which granted summary judgment for the insurer based on the insurance policy's pollution exclusion clause. On appeal, the Eleventh Circuit ruled that interpretation of insurance contract provisions is "peculiarly a question of state law" and certified the question of liability to the Georgia Supreme Court. *See Claussen v. Aetna Casualty & Surety Co.*, 888 F.2d 747 (11th Cir.1989) (conforming its opinion with the Georgia Supreme Court's decision). Hudson argues that the federal question issue was not raised or considered in *Claussen* and thus the federal question issue has never been truly resolved by this Circuit. While the Eleventh Circuit in *Claussen* did not explicitly consider the option of federal common law, a recent decision from the Middle District of Florida has responded that "this court does not lightly infer that this option was simply 'overlooked' by the Court of Appeals." *See Hudson Insurance Co. v. American Electric Corp.*, 748 F.Supp. 837 (1990). The Middle District further noted in reviewing *Claussen* that "[I]t would be imprudent [for this Court] to ignore the Eleventh Circuit's treatment of a CERCLA insurance issue in *Claussen* as a matter of state law best resolved by certification of a question to the Georgia Supreme Court." *See Hudson, supra.*

The Court relies on *Claussen* and is not persuaded that federal courts have exclusive jurisdiction over the interpretation of insurance policies covering CERCLA risks. Moreover, a vast number of state court decisions contradict Hudson's theory of exclusive federal jurisdiction.[1]

---

1. *See, e.g., AIU Ins. Co. v. Superior Court,* 213 Cal.App.3d 1219, 262 Cal.Rptr. 182, *rev. granted,* 264 Cal.Rptr. 354, 782 P.2d 595 (1989); *Aerojet—General Corp. v. San Mateo County Superior Court,* 211 Cal.App.3d 216, 257 Cal.Rptr. 621, *reh'g denied & rev. denied,* 211 Cal.App.2d 216, 258 Cal.Rptr. 684 (1989); *Monsanto Co. v. Aetna Cas. & Sur. Co.,* 559 A.2d 1301 (Del.Super.1988);

Plaintiff's position is that Congress intended exclusive federal jurisdiction of CERCLA insurance coverage, and, in fact, § 9672 expressly rejects Plaintiff's position. 42 U.S.C. § 9607(e)(1) states:

No indemnification, hold harmless, or similar agreement or conveyance shall be effective to transfer from the owner or operator of any vessel or facility or from any person who may be liable for a release or threat of release under this section, to any other person for liability imposed under this section. *Nothing in this subsection shall bar any agreement to insure,* ... a party to such an agreement

42 U.S.C. § 9607(e)(1) (1986). (Emphasis added).

As the Defendant correctly asserts, nothing in this subsection expresses any federal intent to exert control over insurance. To the contrary, this subsection can be read as a savings clause preserving existing state interpretation of insurance law. (Defendant's Opposition at 10).

This same contention applies to the relevant portions of 42 U.S.C. § 9608(d)(2) relating to the liability of guarantors who assist persons liable under CERCLA in satisfying the requirement for evidence of financial responsibility under Section 9607. Hudson concedes that it did not perform the function of a § 9608 guarantor for Double D. (Plaintiff's Memorandum at 5, n. 9). Thus, Section 9608 has no application to this case. Moreover, § 9608 expressly states:

Nothing in this subsection shall be construed to limit any other state ... statu-

tory, contractual or common law, liability of a guarantor....

42 U.S.C. § 9608(d)(2) (1986). This subsection can only be read as a savings clause preserving existing state insurance law.

Finally, Plaintiff's contention that 42 U.S.C. § 9651(b), mandating that the President conduct a study to determine the availability and reasonableness of CERCLA insurance coverage, provides an inference that commercial liability insurance does not cover CERCLA risks can be put to rest by the clear language of 42 U.S.C. § 9672.

Congress amended CERCLA in 1986, adding 42 U.S.C. §§ 9671–9675, which address pollution insurance. This is the only section in CERCLA which expressly preempts state insurance law. Sections 9673, 9674 and 9675 provide protection from any state laws restricting the formation of "risk retention groups" or "purchasing groups" as defined in § 9671. Importantly, however, § 9672(a) expressly states in pertinent part:

*Nothing in this subchapter shall be construed to affect* either the tort law or the law *governing the interpretation of insurance contracts of any state.*

42 U.S.C. § 9672(a) (1986) (emphasis added).

 Thus, this court concludes that Congress did not intend in CERCLA to preempt state insurance law except to the extent clearly stated in 42 U.S.C. §§ 9673–9675 relating to purchasing and risk retention group formation. Further, Congress has expressly rejected implied federal preemption of state insurance law in the McCarran–Ferguson Act of 1947, 15 U.S.C. § 1012. The McCarran–Ferguson Act

---

*Claussen v. Aetna Cas. & Sur. Co.*, 259 Ga. 333, 380 S.E.2d 686 (1989); *U.S. Fidelity & Guaranty Co. v. Specialty Coatings Co.*, 180 Ill.App.3d 378, 129 Ill.Dec. 306, 535 N.E.2d 1071, *appeal denied*, 127 Ill.2d 643, 136 Ill.Dec. 609, 545 N.E.2d 133 (1989); *International Minerals & Chem. Co. v. Liberty Mut. Ins. Co.*, 168 Ill.App.3d 361, 119 Ill.Dec. 96, 522 N.E.2d 758, *appeal denied*, 122 Ill.2d 576, 125 Ill.Dec. 218, 530 N.E.2d 246 (1988); *James Graham Brown Foundation, Inc. v. St. Paul Fire & Marine Ins. Co.*, No. 88–CA–2405–MR, 1990 WL 22793 (Ky.App. Mar. 9, 1990), *rev. granted*, No. 90–SC–242–DG (Ky. Sept. 19, 1990); *Hazen Paper Co. v. U.S. Fidelity & Guaranty Co.*, 407 Mass. 689, 555 N.E.2d 576

(1990); *Minnesota Mining & Mfg. Co. v. Travelers Indem. Co.*, 457 N.W.2d 175 (Minn.1990); *Technician Elec. Corp. v. America Home Assurance Co.*, 74 N.Y.2d 66, 544 N.Y.S.2d 531, 542 N.E.2d 1048 (1989); *Boeing Co. v. Aetna Cas. & Sur. Co.*, 113 Wash.2d 869, 784 P.2d 507 (1990); *Liberty Mutual Ins. Co. v. Triangle Indus., Inc.* 390 S.E.2d 562 (W.Va.1990); *Just v. Land Reclamation, Ltd.* 155 Wis.2d 737, 456 N.W.2d 570 (1990); *see also* Note, *Forum Non Contentional and Comprehensive Hazardous Waste Coverage Suits,* 90 *Colum.L.Rev.* 1066, 1071 (1990) (typically comprehensive declaratory judgment actions by CERCLA-liable parties against insurers are brought in state court).

"precludes the application of federal law if, as a result, laws of state regulating insurance would be invalidated, impaired, or superceded." *Miller v. National Fidelity Life Ins. Co.*, 588 F.2d 185, 186–87 (5th Cir.1979). The Act creates a strong presumption against a finding of federal preemption of insurance regulation. *Hudson Ins. Co. v. American Electronic Corp.*, 748 F.Supp. 837. The McCarran–Ferguson Act, 15 U.S.C. § 1012 states in pertinent part:

> (a) The business of insurance, and every person engaged therein, shall be subject to the laws of the several States which relate to the regulation or taxation of such businesses.

> (b) No Act of Congress shall be construed to invalidate, impair, or supercede any law enacted by any state for the purpose of regulating the business of insurance, ... unless such Act specifically relates to the business of insurance.

CERCLA is not an Act by Congress specifically related to the business of insurance. The Comprehensive Environmental Response Compensation and Liability Act was enacted by Congress in response to the environmental and public health hazards caused by the improper disposal of hazardous wastes. *United States v. Maryland Bank & Trust Co.*, 632 F.Supp. 573, 576 (D.Md.1986); S.Rep. No. 848, 96th Cong., 2d Sess. 2 (1980), U.S.Code Cong. & Administrative News 1980, p. 6119. The essential policy underlying CERCLA is to place the ultimate responsibility for cleaning up hazardous waste on those responsible for the release of hazardous substances into the environment. 42 U.S.C. § 9607(a) (1980); *See also, e.g., United States v. Fleet Factors Corp.*, 901 F.2d 1550 (11th Cir. 1990). CERCLA does not relate to the business of insurance at all, except to the limited extent aforementioned in §§ 9671–75, *supra,* which expressly preserves state control over the interpretation of insurance contracts. 42 U.S.C. § 9672(a).

Accordingly, this Court is not persuaded by Plaintiff's federal preemption argument, and denies Plaintiff's motion for summary judgment. The interpretation of insurance contract provisions in this case is governed by state law, not federal law. The Court grants Defendant's motion for summary judgment. It is

ORDERED that Defendant's motion for summary judgment on Count I of Plaintiff's complaint is granted, and Plaintiff's Motion for Summary Judgment on Count I of the complaint is denied. The Clerk is directed to enter a final judgment on Count I in favor of Double D in accordance with this Order.

DONE and ORDERED.