BIRCH, Circuit Judge:
 

 This case involves an insurance coverage dispute. Defendant Green River Steel Corporation (“Green River”) is allegedly an additional named insured on the comprehensive general liability insurance policy issued by plaintiff Hudson Insurance Company (“Hudson”) to defendant American Electric Corporation (“AEC”). In 1982, Green River hired AEC to remove and properly dispose of Green River’s transformers which had been contaminated by polychlorinated biphenyl (commonly known as PCB). AEC’s deficient handling and disposal practices prompted a response by the federal Environmental Protection Agency (“EPA”).
 

 In 1989, the EPA informed Green River that pursuant to the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, 42 U.S.C. §§ 9601-9675 (1988) (“CERCLA”), Green River was potentially responsible for the costs incurred by the EPA in cleaning up the hazardous
 
 *828
 
 substances found at AEC’s disposal site. In turn, Green River informed Hudson that if it was liable for cleanup costs to the EPA, it would seek payment for that liability under AEC’s insurance policy. Hudson subsequently filed this federal lawsuit, seeking a declaratory judgment that its insurance policy in favor of AEC does not provide coverage for CERCLA-imposed pollution liability.
 

 In a comprehensive and studied opinion, the United States District Court for the Middle District of Florida dismissed the case for lack of subject matter jurisdiction.
 
 See Hudson Ins. Co. v. American Elec. Corp.,
 
 748 F.Supp. 837 (M.D.Fla.1990). Because the parties in this action lack complete diversity, the district court reasoned that it had jurisdiction over the dispute only if the underlying cause of action arose under federal law within the meaning of the federal question jurisdiction statute, 28 U.S.C. § 1331 (1988). Finding that “the underlying action is a suit for the proceeds of an insurance policy” and that “[this] kind of action is usually a matter of state law, not a federal question,”
 
 Hudson Ins. Co.,
 
 748 F.Supp. at 840, the court concluded that Section 1331 did not empower it to hear the case. 748 F.Supp. at 845. We AFFIRM.
 

 I. DISCUSSION
 

 A.
 
 Section 1331 Does Not Grant Jurisdiction Because The Underlying Action Arises Under State Law
 

 In order to determine whether a claim arises under federal law within the meaning of Section 1331, a court must ascertain if a federal cause of action would appear on the face of a well-pleaded complaint.
 
 See, e.g., Louisville and Nashville R.R. v. Mottley,
 
 211 U.S. 149, 152, 29 S.Ct. 42, 43, 53 L.Ed. 126 (1908). Because this is an action pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202 (1988), the normal position of the parties is reversed; therefore, we do not look to the face of the declaratory judgment complaint in order to determine the presence of a federal question. Instead, this court must determine whether or not the cause of action anticipated by the declaratory judgment plaintiff arises under federal law.
 
 See, e.g., Skelly Oil Co. v. Phillips Petroleum Co.,
 
 339 U.S. 667, 671-72, 70 S.Ct. 876, 879, 94 L.Ed. 1194 (1950). “Where the complaint in an action for declaratory judgment seeks in essence to assert a defense to an impending or threatened state court action, it is the character of the threatened action, and not of the defense, which will determine whether there is federal-question jurisdiction in the District Court. If the cause of action, which the declaratory defendant threatens to assert, does not itself involve a claim under federal law, it is doubtful if a federal court may entertain an action for a declaratory judgment establishing a defense to that claim.”
 
 Public Serv. Comm’n v. Wycoff Co.,
 
 344 U.S. 237, 248, 73 S.Ct. 236, 242, 97 L.Ed. 291 (1952).
 

 Here, it is obvious that the cause of action threatened by the declaratory defendant (Green River) and anticipated by the declaratory plaintiff (Hudson) arises under state law. Ordinarily, “[a] suit arises under the law that creates the cause of action.”
 
 American Well Works Co. v. Layne and Bowler Co.,
 
 241 U.S. 257, 260, 36 S.Ct. 585, 586, 60 L.Ed. 987 (1916). A suit to recover insurance proceeds is created by state law.
 
 [1]
 
 Essentially, Green River has a potential state cause of action against Hudson based upon the applicable state law governing the interpretation of insurance contracts. The federal CERCLA issues pressed by Hudson in its declaratory judgment complaint are mere potential defenses to Green River’s state-created cause of action. These possible federal defenses are insufficient to confer jurisdiction under Section 1331.
 
 See, e.g., Wycoff Co.,
 
 344 U.S. at 248, 73 S.Ct. at 242-43;
 
 Shelly Oil,
 
 
 *829
 
 339 U.S. at 672, 70 S.Ct. at 879. Because the underlying insurance dispute in this case arises under state law, the district court correctly dismissed the case for want of subject matter jurisdiction.
 
 [2]
 

 B.
 
 The Unusual Circumstances Under Which A State Cause Of Action Would Nevertheless Arise Under Federal Law Are Not Present
 

 There are three situations in which a state cause of action might nevertheless arise under federal law. First, when a prospective plaintiffs right to state-created relief necessarily requires an interpretation of a substantial federal issue, his claim for such relief might arise under federal law within the meaning of Section 1331. Second, if a prospective plaintiffs right to state-created relief is paralleled by a substantially similar federal cause of action with sufficient preemptive force, her claim for such relief might also arise under federal law within the meaning of Section 1331. Finally, regardless of Section 1331, Congress may be able to provide (in a separate jurisdictional statute) that certain state causes of action are nevertheless cognizable in federal court. None of these three theories grant subject matter jurisdiction in this case.
 

 1. State causes of action which turn upon federal law.
 

 The Supreme Court has interpreted Section 1331 such that a cause of action need not necessarily be created by federal law in order to arise under federal law. Instead, state-created causes of action can sometimes arise under federal law when the potential state court plaintiffs “right to relief necessarily depends on resolution of a substantial question of federal law.”
 
 Franchise Tax Bd. v. Construction Laborers Vacation Trust,
 
 463 U.S. 1, 28, 103 S.Ct. 2841, 2856, 77 L.Ed.2d 420 (1983);
 
 see also id.
 
 at 9, 103 S.Ct. at 2846;
 
 Merrell Dow Pharmaceuticals Inc. v. Thompson,
 
 478 U.S. 804, 808-09, 106 S.Ct. 3229, 3232-33, 92 L.Ed.2d 650 (1986). Hudson argues that this principle grants Section 1331 jurisdiction in this case. In essence, Hudson asserts that the central issue in Green River’s potential lawsuit — whether the language of AEC’s insurance policy provides coverage for CERCLA-created pollution liability — must necessarily be determined by reference to federal law. Therefore, Hudson contends, even if the underlying insurance action in this case arises under state law, Section 1331 would nevertheless grant jurisdiction because Green River’s right to recover upon AEC’s insurance policy would necessarily turn upon substantial questions of federal law.
 

 Hudson’s contention that federal law governs the insurance issues in this case is foreclosed by two prior panel decisions of this circuit. In
 
 Claussen v. Aetna Casualty & Surety Co.,
 
 865 F.2d 1217 (11th Cir.1989) (per curiam), the panel clearly indicated that these insurance issues — in particular, whether or not a comprehensive general liability policy covers CERCLA-created liability — must- be resolved by reference to
 
 state
 
 law.
 
 See id.
 
 at 1218-19;
 
 see also id.
 
 at 1217 (observing that the interpretation of an insurance contract provision is “peculiarly a question óf state law”). Because the relevant state law in
 
 Claussen
 
 was unclear, we certified the question to the Georgia Supreme Court.
 
 See id.
 
 at 1217, 1219-20. Subsequently, in
 
 Industrial Indemnity Insurance Co. v. Crown Auto Dealerships, Inc.,
 
 935 F.2d 240 (11th Cir.1991), we determined that a similar dispute involving insurance coverage of CERCLA-created liability raised an
 
 *830
 
 unresolved “important issue of Florida law” and accordingly certified the question to the Florida Supreme Court.
 
 Id.
 
 at 241, 243. These two decisions defeat Hudson’s argument that Green River’s potential insurance action would necessarily require the resolution of substantial questions of federal law.
 
 [3]
 
 Fairly read,
 
 Claussen
 
 and
 
 Industrial Indemnity
 
 instruct that the underlying action in this dispute would turn upon state law.
 
 [4]
 
 Therefore, there is no subject matter jurisdiction under this theory of Section 1331.
 

 2. Preemption by a parallel federal cause of action.
 

 A potential state court plaintiff could not defeat federal subject matter jurisdiction solely by pleading his state cause of action without reference to a sufficiently preemptive parallel federal cause of action.
 
 See Avco Corp. v. Aero Lodge No. 735,
 
 376 F.2d 337, 340 (6th Cir.1967),
 
 aff'd,
 
 390 U.S. 557, 560, 88 S.Ct. 1235, 1237, 20 L.Ed.2d 126 (1968). For example,
 
 Avco Cory,
 
 has come to stand for the proposition that a state court litigant cannot defeat Section 1331 jurisdiction over actions arising under Section 301 of the Labor Management Relations Act because “the preemptive force of [Section] 301 is so powerful as to displace entirely any state cause of ac-tion_”
 
 Franchise Tax Bd.,
 
 463 U.S. at 23, 103 S.Ct. at 2853. Therefore, the Court in
 
 Avco Cory,
 
 ruled that the plaintiff’s cause of action based solely upon state contract law nevertheless arose under federal law (and was therefore removable by the defendant).
 
 See Avco Corp.,
 
 376 F.2d at 340. Hudson argues that this theory of Section 1331 confers jurisdiction in this case because CERCLA is so pervasive that if Green River brought a state law insurance action, such a suit would be completely preempted by CERCLA and therefore arise under federal law.
 

 Hudson’s reliance upon this theory of Section 1331 is misplaced. This aspect of Section 1331 confers federal jurisdiction over admittedly state-created causes of action only when there is a sufficiently preemptive parallel federal cause of action that the state court litigant could have brought. In this case, Green River would be required to bring a state cause of action in order to sue Hudson on AEC’s contract; there is no parallel federal cause of action
 
 for the recovery of insurance yroceeds for CERCLA-created liability. See suyra
 
 note 2. Therefore, because Green River’s potential state cause of action against Hudson has no preemptive parallel federal counterpart, Section 1331 does not confer federal jurisdiction over that state suit.
 
 See Franchise Tax Bd.,
 
 463 U.S. at 26, 103 S.Ct. at 2855.
 
 [5]
 

 3. Jurisdiction statutes other than Section 1331.
 

 Because Article III of the Constitution provides the judiciary with the constitutional power to receive jurisdiction broad
 
 *831
 
 er than that conferred by Section 1331,
 
 see Verlinden B.V. v. Central Bank of Nigeria,
 
 461 U.S. 480, 495, 103 S.Ct. 1962, 1972, 76 L.Ed.2d 81 (1983), Congress might be able to grant the jurisdiction to hear state-created causes of action even when those causes of action failed to arise under federal law within the meaning of Section 1331.
 
 See Franchise Tax Bd.,
 
 463 U.S. at 8 n.8, 103 S.Ct. at 2846 n.8. Hudson contends that the jurisdiction provision contained within CERCLA, 42 U.S.C. § 9613(b) (1988), expresses a congressional desire to go beyond Section 1331 in order to grant federal courts the jurisdiction to hear cases such as Green River’s potential state insurance suit against Hudson.
 

 Hudson’s argument is interesting. Congress may indeed have the constitutional ability to empower federal courts to hear these state-created insurance claims. However, Hudson’s argument is belied by the language of CERCLA’s jurisdictional provision: “district courts shall have exclusive original jurisdiction over all controversies
 
 arising under this chapter,
 
 without regard to the citizenship of the parties or the amount in controversy.” 42 U.S.C. § 9613(b) (1988) (emphasis added). As we have repeatedly mentioned, the underlying insurance dispute in this case arises under state law, not CERCLA.
 
 See supra
 
 notes 1-2 and accompanying text. Therefore, the language of CERCLA’s jurisdictional provision does not independently grant subject matter jurisdiction over state-created insurance causes of action which may implicate CERCLA.
 

 II. CONCLUSION
 

 The district court correctly concluded that it lacked subject matter jurisdiction over this dispute. AFFIRMED.
 

 [1]
 

 . Hudson correctly observes that federal law (CERCLA) creates the liability for which Green River might seek reimbursement. This fact does not matter. An insurance suit does not arise under the law that creates the insured’s
 
 liability;
 
 rather, such a suit arises under the law that creates the insured's
 
 cause of action.
 
 In this case, that law is state law.
 

 [2]
 

 . It is true that some provisions of CERCLA have been construed as creating federal causes of action.
 
 Eg.,
 
 42 U.S.C. § 9607(a) (1988);
 
 id.
 
 § 9613(f)(1). In addition, at least one CERCLA-created federal cause of action could conceivably involve an insurance company.
 
 See id.
 
 § 9608(c)(2). Even so, Hudson’s suggestion that these potential federal causes of action create federal subject matter jurisdiction in this particular suit must be rejected. These potential federal causes of action are neither anticipated by Hudson's declaratory judgment complaint nor threatened by Green River. The only cause of action anticipated and threatened in this case is Green River’s cause of action for the recovery of insurance proceeds. Quite simply, if Green River wanted to sue Hudson to collect upon AEC’s insurance policy, it would be required to sue pursuant to state contract law, not pursuant to Section 9607(a), Section 9613(f)(1), Section 9608(c)(2), or any other provision of CERCLA. Therefore, the underlying cause of action in this case arises under state law, not CERCLA.
 

 [3]
 

 . Hudson’s arguments to the effect that the insurance coverage issues in this case
 
 should
 
 turn upon federal law are not completely without merit. However, as a panel of this circuit we are bound by
 
 Claussen
 
 and
 
 Industrial Indemnity
 
 until those decisions are overruled by an
 
 en banc
 
 court.
 
 See United States v. Machado,
 
 804 F.2d 1537, 1543 (11th Cir.1986). Accordingly, Hudson’s claim that a uniform federal rule of decision should govern cases of this type is more appropriately addressed in a motion for rehearing
 
 en banc.
 
 We express no opinion on the question of whether the development of a federal common law in this area would be sufficient to establish Section 1331 jurisdiction.
 

 [4]
 

 . Hudson correctly observes that whether or not CERCLA completely preempts state insurance causes of action in this area would be determined by reference to federal law, not state law. However, this federal issue can arise in the underlying action only as a potential defense to Green River’s threatened state claim for the recovery of insurance proceeds. Therefore, the presence of this possible federal defense is insufficient to create Section 1331 jurisdiction.
 
 See, e.g., Franchise Tax Bd.,
 
 463 U.S. at 13-14, 103 S.Ct. at 2848.
 

 [5]
 

 . In fact, there is some evidence that CERCLA anticipated that state court suits would be brought in order to collect insurance proceeds for CERCLA-created liability.
 
 See, e.g.,
 
 42 U.S.C. § 9607(e)(1) (1988) (providing that CERCLA does not "bar any agreement to insure, hold harmless, or indemnify a party to such agreement for any liability under this section”);
 
 id.
 
 § 9672(a) (stating that the insurance sub-chapter of CERCLA should not be construed so as to affect the "law governing the interpretation of insurance contracts of any State").